THOMAS B. VAN ALLEN, Respondent, *v.* JOHN H. GORDON, Appellant.

*Physician's services — his testimony inadmissible under section 834 of the Code of Civil Procedure — what is not a waiver of the objection.*

The defendant in an action brought against him to recover the value of a physician's professional services, rendered in treating him for a disease, by interposing an answer containing a general denial, does not waive the provisions of section 834 of the Code of Civil Procedure, and the physician will not be allowed to describe the disease, with which his patient was afflicted, disclosed to him by the patient.

APPEAL by the defendant, John H. Gordon, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of July, 1894, upon the report of a referee.

*Foote & Havens*, for the appellant.

*Fred. H. Baker*, for the respondent.

HAIGHT, J. :

This action was brought to recover the value of professional services rendered by Robert A. Van Allen as a physician and surgeon for the defendant. The claim was assigned to the plaintiff. Upon the trial Robert A. Van Allen was sworn as a witness for the plaintiff, and after testifying that he was a physician and surgeon, and as such was called upon by the defendant to treat him, was asked to state what the defendant said to him about his physical affliction. This was objected to as incompetent and immaterial upon the ground that the defendant in making the statements to the witness made them to him as a practicing physician in his professional capacity, and that they were necessary to enable the physician to act in that capacity, etc. The objection was overruled and the witness was permitted to answer, giving an account of a secret disease disclosed by the defendant to him which he subsequently treated.

Section 834 of the Code of Civil Procedure provides that " A person duly authorized to practice physic or surgery shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity."

We see no escape from the provisions of this section.   We do not understand that the defendant had in any manner waived its provisions.   He was sued and was brought into court without his consent and compelled to litigate a claim made against him for services rendered.

It may be claimed that he was guilty of a breach of contract in refusing to pay the physician for his services, but that question can only be determined by a trial.   If the physician made exorbitant charges the defendant was not obliged to pay.   And the same may be said with reference to the defendant's answer putting in issue the allegations of the complaint; whether or not he properly interposed his defense can only be determined by the trial.   It is not apparent to us that either of these acts amounted to a waiver of the statute.

Had the defendant himself brought an action against the physician, alleging misconduct or malpractice, he doubtless would be deemed to have waived the statute.   But we think the interposing of a general denial in an action brought against him cannot be so treated.

Our attention has been called to a statement in 18 American and English Encyclopædia of Law, 438, which is in apparent conflict with the views herein expressed.   We have carefully examined the citation of authorities made thereunder, but have been unable to find any that supports the statement.

It is urged that if the physician is not permitted to describe the disease with which his patient was afflicted he cannot show the value of his services, and that consequently it could not have been the intention to have the statute apply to a case like this.   But we think such a result does not necessarily follow.   The physician can still testify to his employment, to the number of visits made, to the examinations, prescriptions and operations, and if the defendant objects to his describing them the physician may then testify as to the value.   It may be that the plaintiff would be unable to corroborate the physician's testimony as to the value of the services for the reason that he would not be permitted to disclose to other physicians the character of the services rendered, but the defendant would meet the same embarrassment when he undertook to dispute the value of such services.

The judgment should be reversed and a new trial ordered in the County Court of Monroe county, with costs to abide the event.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Monroe county appealed from reversed and a new trial granted, with costs to abide the event.