MacEVITT v. MAASS.

(Supreme Court, Trial Term, Kings County. January, 1901.)

1. PHYSICIANS AND SURGEONS—ACTION FOR COMPENSATION—TRIAL—QUESTION FOR JURY.

A surgeon agreed with defendant to perform an operation (which was not dangerous) for the wife of the latter for $75, but on a future examination he found that an entirely different and more difficult and dangerous operation was required. He disclosed such facts to defendant, but nothing was said about a change in the agreed compensation, and the latter operation was performed. *Held*, that a new trial would not be granted on the return of a verdict of $225 in favor of the surgeon, since, as defendant's consent to the performance of the different operation raised the legal conclusion that defendant knew that the agreement would not be carried out, the cause was properly submitted to the jury.

2. WITNESSES—PRIVILEGED COMMUNICATION.

Code Civ. Proc. § 834, prohibiting a physician from disclosing any information required in attending a patient, does not prohibit a physician who participates in an operation from testifying to the value of such services, in an action for compensation therefor, though he cannot testify to the nature and particulars of the operation.

Action by John C. MacEvitt against G. Henry Maass to recover for services rendered as a physician. Judgment rendered for plaintiff, and defendant filed motion for new trial. Denied.

John C. Judge, for plaintiff.
Francis A. McCloskey, for defendant.

GAYNOR, J. The plaintiff, a physician and surgeon, was called in by the defendant to treat his wife. He made an examination of her, and informed the defendant that a surgical operation was necessary. They entered into an agreement that the plaintiff should perform it for $75. The trouble was an internal one somewhere in the abdomen. The plaintiff testified that a day or two later he made another examination of the patient and found conditions which were entirely new to him, and foreign to the surgical operation which he had proposed; that the first diagnosis was entirely wrong; that her condition was one of much greater gravity than had been supposed from the first diagnosis; that the operation first mentioned was entirely unnecessary; that an entirely different surgical operation, but in the same region, was necessary; that it was one which would jeopardize the patient's life, whereas the first one mentioned would not have done so; and that he substantially informed the defendant of all of this. But he did not say to him that the new operation was worth more or less than the one first proposed, or that he would charge for it more or less than the sum which had been agreed upon. In fine, nothing was said by either on the subject of compensation for the new operation. The defendant simply assented to the plaintiff performing it.

It was left to the jury to find what the facts were, and to say whether the agreement for a compensation of $75 was superseded, and they gave the plaintiff a verdict for $225. I think on reflection that the case was one for the jury. The jury has found that it was true that the diagnosis on which the agreement for compensation

was made was wrong; that entirely new conditions were found on a second examination which made an entirely different operation necessary, and that such operation would jeopardize the patient's life, while the one first proposed was not dangerous; and that the plaintiff informed the defendant of all of this. This made known to the defendant that the operation to be performed was not only different to the one first proposed, but of a more difficult and serious nature; and the legal conclusion from this is that the defendant in assenting to the performance by the plaintiff of the new operation must necessarily have understood that the agreement previously made could not be carried out and was at an end, and that he was to pay for the new services what they should be reasonably worth. If it had turned out on the second examination that the operation first mentioned was not necessary, and that an entirely different and only trifling operation was necessary, and the plaintiff had informed the defendant thereof, the plaintiff could not afterwards have claimed that $75 was agreed upon for that operation, although it was worth only one-third of that amount. The law would be that both parties necessarily understood that the first agreement was no longer in effect, though that was not in so many words said.

The testimony of the plaintiff and of the surgeons who assisted him in the operation, concerning the ailment of the patient, and the particulars of the operation, was excluded under section 834 of the Code of Civil Procedure on the objection of the defendant. That section is in the broadest terms that a physician or surgeon "shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity"; and the evidence had to be excluded. Van Allen v. Gordon, 83 Hun, 379, 31 N. Y. Supp. 907; Renihan v. Dennin, 103 N. Y. 573, 9 N. E. 320. The defendant then excepted to the admission of the testimony of the plaintiff and of the said surgeons as experts in respect of the value of the plaintiff's services, on the ground that as the nature and particulars of the surgical operation had not been given in evidence, there was no basis for such evidence. There was evidence that a capital surgical operation was performed, of the time it took, and of the number of visits the plaintiff made to the patient before and after it; but there was none to show what the operation really was. But while there were no particulars before the jury to serve as a basis for the value of the surgical operation, the witnesses knew the particulars. The statute excluding such particulars cannot justly be held to exclude such evidence of value by the surgeons who saw them. It was the best evidence which the nature of the case admitted of; and that has been held to justify the admission of evidence. The operation of the statute having created an exceptional case it had to be treated in an exceptional manner. Van Allen v. Gordon, supra.

The motion for a new trial is denied.