## TERIER v. DARE.

(Supreme Court, Appellate Division, Third Department. September 28, 1911.)

1. WITNESSES (§ 208*)—PRIVILEGED COMMUNICATIONS—PHYSICIANS—WAIVER OF PRIVILEGE.

Plaintiff by suing the physician who had been treating him for a disease for malpractice in not treating him for dislocation of the shoulder waived the privilege of excluding evidence of the nature of a disease for which defendant had previously treated him; such evidence being admissible under defendant's contention that plaintiff's shoulder was only bruised, and that the disease previously treated was an independent disease, which attacked the bruised shoulder.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768–770; Dec. Dig. § 208.*]

2. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—ADMISSION OF EVIDENCE —PREJUDICIAL EFFECT.

In an action against a physician for malpractice in treating a dislocated shoulder, wherein it appeared that defendant had previously treated plaintiff for an infectious disease, and defendant claimed that the shoulder had been merely bruised and attacked by the infectious disease, error in excluding evidence as to the nature of the infectious disease on the ground that it was a privileged communication was prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

3. PHYSICIANS AND SURGEONS (§ 18*)—ACTION FOR MALPRACTICE—ADMISSION OF EVIDENCE.

In an action against a physician for malpractice, a letter from defendant to plaintiff stating that the State Medical Society defended its members in actions for malpractice was admitted in evidence, but it also appeared that members of the medical society were only entitled to be defended by the society's attorney in such actions. *Held*, that the letter was not admissible, as tending to lead the jury to believe that defendant was indemnified in some way by the medical society.

[Ed. Note.—For other cases, see Physicians and Surgeons, Dec. Dig. § 18.*]

Sewell and Betts, JJ., dissenting.

Appeal from Trial Term, Clinton County.

Action by Abraham Terier against Gilbert De Witt Dare. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

James Taylor Lewis, for appellant.
John E. Judge, for respondent.

---

JOHN M. KELLOGG, J. The plaintiff has recovered a judgment against his physician for malpractice. He fell from the steps of his house, and struck upon his shoulder, and was treated for the injury by the defendant. Plaintiff's evidence tends to show that his shoulder is dislocated, and that he was not properly treated for a dislocation. The doctor had treated the plaintiff for a considerable time before the injury for a chronic infectious disease, and his theory is that the shoulder was not dislocated, but bruised, and that infection from the contagious disease attacked the shoulder joint following the bruise, and he treated him accordingly and informed him fully as to his condition. The plaintiff does not substantially deny taking the medicine prescribed for the chronic disease, or that the defendant informed him that his trouble was caused by such disease. I think the judgment is not fairly sustained by the evidence.

The court excluded evidence as to the nature of the disease for which the defendant had previously treated the plaintiff as a privileged communication between patient and physician, to which the defendant excepted. It is evident that the defendant could not by experts show to what extent the present condition of the plaintiff might be due to a chronic disease unless he was able to show what the disease was.

[1] By bringing an action against his regular physician who had been treating him for a disease, claiming that the subsequent treatment was malpractice, the plaintiff waived the professional privilege, and the defendant was permitted to show any facts he knew bearing upon the present condition of the plaintiff.

In Van Allen v. Gordon, 83 Hun, 379, 31 N. Y. Supp. 907, the court says:

"Had the defendant himself brought an action against the physician alleging misconduct or malpractice, he doubtless would be deemed to have waived the statute, but we think the interposal of a general denial in an action brought against him could not be so treated."

See, also, Capron v. Douglass, 193 N. Y. 11, 85 N. E. 827, 20 L. R. A. (N. S.) 1003.

[2] I think the ruling was prejudicial, and calls for a reversal of the judgment.

[3] After suit brought, the defendant wrote a letter to the plaintiff, saying, in substance, among other things, that the medical society of the state defends its members in actions for alleged malpractice. This letter was offered in evidence, and received over the defendant's objection and exception. The re-examination with reference to the letter developed the fact that by reason of membership in the society the member was entitled to be defended by the attorney of the society in such actions, and to that extent the defendant is insured or indemnified. The letter was not evidence upon any subject before the jury, and it could only tend to prejudice the defendant's case by making the jury believe that the medical society in some way must bear a part of the burden of the defense. Perhaps the jury reasoned that, if the defense cost the defendant nothing, its verdict against him would not be a very serious burden.

I think the familiar rule in negligence cases excluding evidence that the defendant is insured against liability applies in principle to this

case. The letter cannot be said to be an admission of the defendant's guilt as the suit was already pending, but it was an unwise attempt by the defendant to frighten the plaintiff from further prosecuting the case, not by a false statement, but by a statement which as matter of fact rested upon a substantial basis. Perhaps standing alone this erroneous ruling might not call for a reversal, but, as a new trial is to be had, the error will not occur again.

I favor a reversal of the judgment and order and a new trial, with costs to the appellant to abide the event. All concur; except SEWELL and BETTS, JJ., dissenting.