WILLIAM H. HOBBS, Respondent, v. ISRAEL J. HULLMAN, Appellant.

Third Department, July 1, 1918.

Evidence — action by physician for services rendered to defendant's wife — admissibility of testimony of non-professional nurse and of physician as to conversations with reference to patient's condition and its cause.

In an action by a physician to recover for services rendered to the defendant's wife, a non-professional and unregistered nurse is competent to testify as to conversations between the plaintiff, the defendant and herself, as to the patient's condition and its cause. But testimony by the plaintiff as to such conversations is inadmissible under section 834 of the Code of Civil Procedure, and a judgment influenced thereby should be reversed.

It is against public policy to permit a physician to make such disclosures even in an action to recover for his services.

APPEAL by the defendant, Israel J. Hullman, from a judgment of the County Court of Broome county, entered in the office of the clerk of said county on the 13th day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of March, 1918, denying defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 5th day of April, 1918, retaxing plaintiff's costs herein, and also from an order entered in said clerk's office on the 11th day of March, 1918, denying defendant's application for the case to go over the term.

*Moe Goldstein,* for the appellant.

*Rexford W. Titus,* for the respondent.

JOHN M. KELLOGG, P. J.:

The plaintiff, a physician, has recovered judgment for services rendered to the defendant's wife. The nurse in attendance was not a registered or professional nurse, and she properly gave testimony of conversations between the doctor, the defendant and herself as to the patient's condition and its cause. The plaintiff, however, was permitted to go into

particulars as to the condition of the patient and conversations between him and the husband with reference to the patient's condition and its cause.   This evidence was inadmissible under section 834 of the Code of Civil Procedure.   (*Van Allen* v. *Gordon*, 83 Hun, 379; *Grattan* v. *Metropolitan Life Ins. Co.*, 80 N. Y. 281; *Renihan* v. *Dennin*, 103 id. 573.)

This evidence was so clearly within the prohibition of the statute that a judgment influenced by it should not stand. It is against public policy to permit a physician to make such disclosures, even in an action to recover for his services. The evidence was unnecessary, and could have been offered only to prejudice the jury against the defendant, or to coerce him into a settlement.   We cannot say that it did not influence the result.

The court did not abuse its discretion in denying the defendant's motion to put the case over the term.

The judgment and order denying the motion for a new trial should be reversed and a new trial granted, with costs to the appellant to abide the event.   The order refusing to put the case over the term is affirmed.

All concurred.

Judgment and order denying motion for new trial reversed and a new trial granted, with costs to appellant to abide event; order refusing to put the case over the term affirmed, without costs.