May Term,
1859.

NAVE
v.
BAIRD.

*D. Moss*, for the appellant.

---

NAVE *v.* BAIRD.

NAVE *v.* LANE and Another.

In a difficult case; an attorney should advise his client to the best of his judgment; but if the client is unwilling to follow his advice, it is safer for the attorney to follow the client's instructions, so far as the rules of law may permit.

But if the attorney does not do so, and the client sues for damages, he must show, presumptively, that he was injured by the course taken by the attorney, in order to recover more than nominal damages.

A second application for a change of venue will scarcely be granted upon the application of the same party.

As a general rule, an attorney cannot, as a witness against his client, disclose confidential communications; but the rule does not apply where the client sues the attorney for disobeying instructions alleged to have been given in such consultations, and for unskillfully managing a cause upon information given by the client in them.

Tuesday,
May 31.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—*Baird* sued *Nave* upon a promissory note for 200 dollars.

Answer by way of counter-claim, alleging that the note was given in consideration that said *Baird*, an attorney at law, should attend to a certain cause then pending against said *Nave* in the. *Fountain* Circuit Court; that *Baird* did not, in a skillful manner, conduct the defense of the cause,

and refused to obey the instructions of his client in these
particulars, viz.: that he refused to apply for a change of
venue therein, and refused to put in the testimony of cer-
tain witnesses.    It is further alleged that judgment went
against *Nave*, whereby he was damaged 3,000 dollars,
which amount, he claims, should be adjudged in his favor
against *Baird*.

A jury was called to try the issue made.    Verdict for
the plaintiff, upon which the Court rendered judgment.

It is often very difficult for an attorney to determine, in
a difficult, critical case, the proper steps to be taken in its
prosecution or defense.    A small circumstance, a slight
injudicious move, may have an extremely prejudicial in-
fluence.    A change of venue, injudiciously taken, may be
construed to imply a consciousness of a bad cause; and an
unsuccessful attempt to prove facts affecting prejudicially
the character of the opposite party, or any of his witnesses,
may so recoil as to turn the scale, in a doubtful case,
against the party attempting it.    In such cases, it is the
duty of the attorney to advise his client to the best of his
judgment; and it is generally the wiser course for the client
to act upon the advice so given; but if he is unwilling to
do so, it is safer for the attorney to follow the instructions
of his client, so far as the rules of law may permit.    But
if he does not do so, and the client sues for damages, it
will devolve upon him to show, presumptively, that he was
injured by the course pursued by the attorney, in order to
recover more, at least, than nominal damages.

In this case, it is not proved that the client positively
insisted upon a change of venue, though he advised it.
Nor is it shown that a case existed in which he could have
obtained one.    It has been decided that a second applica-
tion for a change of venue will scarcely be tolerated (*Milli-
son* v. *Holmes*, 1 Ind. R. 45); and, upon the same principle,
we think, a second change would scarcely be granted upon
the application of the same party; while repeated applica-
tion would place an unfavorable aspect upon the party's
cause.

The evidence which the attorney refused to put into the

cause, is incorporated in this record. It justifies the course of the attorney; it entirely fails to prove the point to which it was to be offered, and is of a character highly calculated to prejudice the cause of the party who should introduce it.

There is another point in the case. Associated with Mr. *Baird*, in the defense, were Messrs. *Lane* and *Willson*, of *Crawfordsville*. They were present at the consultations between Mr. *Nave* and Mr. *Baird;* and Mr. *Baird*, on the trial of this cause, to rebut testimony introduced by Mr. *Nave*, as to what transpired in those consultations, offered Mr. *Willson* as a witness. Mr. *Nave* objected to his testifying, on the ground that he was not competent to disclose confidential communications.

As a general proposition, an attorney cannot, as a witness against his client, disclose such communications. But the rule does not apply where the client sues the attorney for disobeying instructions alleged to have been given in such consultations, and for unskillfully managing a cause upon information given to him by his client in them.

Upon the whole we see no error in the case.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*M. Nave*, in person.

*S. C. Willson* and *J. E. McDonald*, for the appellees.