fore, that the complaint should not be dismissed, but that a new trial should be granted.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.   Order filed All concur.

---

DEWEY v. COHOES & L. BRIDGE CO.   (No. 259/104.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

WITNESSES ⬤⇒219—PRIVILEGE—WAIVER—TESTIMONY OF PHYSICIANS.

Where plaintiff in a personal injury case called as witnesses certain physicians who had attended him, who swore minutely to his physical condition, it was error to exclude the testimony of other physicians whom he did not call as witnesses, but who examined him at about the same time as did those who had testified; the action of plaintiff in calling certain physicians operating to waive any privilege not only as to those called, but as to other physicians who had examined him.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 769, 781, 782; Dec. Dig. ⬤⇒219.]

Appeal from Trial Term, Rensselaer County.

Action by John E. Dewey against the Cohoes & Lansingburgh Bridge Company.   From judgment for plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Abbott H. Jones, of Troy (Edgar T. Brackett and Luther A. Wait, both of Saratoga Springs, of counsel), for appellant.

Betts & Draper, of Troy (Frederick E. Draper, Jr., of Troy, of counsel), for respondent.

JOHN M. KELLOGG, J.   The plaintiff has recovered judgment for $8,000 damages, and costs, on account of a personal injury.   He swore to the facts of the injury and his condition, and called physicians who had attended him, who swore minutely as to his condition. Some of them took, or assisted in taking, X-rays of the organs and parts of the body claimed to be injured.   The testimony of the plaintiff's physicians has put before the jury, with great minuteness and circumstance, his physical condition, especially at the time when he was at the Samaritan Hospital.   The defendant called Dr. Harvie, a surgeon connected with the Samaritan Hospital, who had examined the plaintiff there at his request, and he was asked:   "What did you find the man was suffering from?"   The plaintiff objected, as incompetent and inadmissible under the Code.   The objection was sustained, and the defendant excepted.   The plaintiff put his person before the jury as a basis for damages, and had it described by his physicians, and thereby waived any privilege, not only of the physicians he called, but of other physicians, who examined him about the same time.   It does not appear that Dr. Harvie made his examination at the same time that the other physicians made theirs, but it does not seem that

that fact is controlling. The examination was at the same time the doctor was treating him for the same trouble. It seems unfair that he could call certain of his physicians and refuse to permit others to testify on the ground of professional privilege. We quote from Capron v. Douglass, 193 N. Y. 11, 17, 85 N. E. 827, 828 (20 L. R. A. [N. S.] 1003):

"To hold that the plaintiff may waive the privilege as to himself and his own physicians, and then invoke it as to the defendant and his physicians, would have the effect of converting the statute into both a sword and a shield. It would permit him to prosecute with the sword, and then shield himself from the defense by the exclusion of the defendant's testimony. It would enable the plaintiff to testify to whatever he pleased with reference to his condition and the treatment adopted by the defendant without fear of contradiction. The plaintiff could thus establish his cause of action, and the defendant would be deprived of the power to interpose his defense by reason of the closing of the mouth of his witnesses by the provisions of the Code referred to. Such a construction of its provisions we think was never contemplated by the Legislature. It would lead to unreasonable and unjust results. Instead thereof a construction of the provisions of the Code, to the effect that when the privilege of the plaintiff has been once waived by him in court, either by his own testimony or by that of others given with his knowledge and consent, and his physical condition has been given to the public, the door is then thrown open for his opponent to give the facts as he understands them. This, to our minds, affords a more just and equitable rule, and is the one that was evidently contemplated by the Legislature."

See, also, McKenney v. American Locomotive Co., 164 App. Div. 625, 149 N. Y. Supp. 826.

Upon the authority of the Capron Case we feel that the defendant was entitled to the evidence of Dr. Harvie as to the plaintiff's condition.

It is strenuously insisted that the damages are excessive. We need not pass upon that question, or the other questions raised upon the appeal. Clearly the actual physical condition of the plaintiff while he was at the Samaritan Hospital was very material, and the defendant had the right to have the testimony of Dr. Harvie upon that subject. I therefore favor a reversal.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

SMITH, P. J., and LYON and WOODWARD, JJ., concur. HOWARD, J., not voting.