PEARL HETHIER, Respondent, *v.* FRANKLIN JOHNS, Appellant.

GEORGE HETHIER, Respondent, *v.* FRANKLIN JOHNS, Appellant.

Fourth Department, July 1, 1921.

Evidence — privileged communication — testimony of physician — privilege as to one physician not waived by calling other physicians who were not present at same examination — purpose of Code of Civil Procedure, § 834, giving privilege.

The privilege conferred by section 834 of the Code of Civil Procedure which prevents a physician from testifying except with the consent of the patient, is a personal one which may be waived, but the fact that the plaintiff testified in an action for personal injuries, as to the result of the injuries which she sustained and described her injuries and her feelings in detail and also called as witnesses physicians who attended her who gave in detail a description of her injuries and the treatment which they gave, did not amount to a waiver of the privilege conferred by the statute as to another physician who examined the plaintiff at another and different time and not in the presence of any physician called by the plaintiff to testify for her.

The purpose of section 834 of the Code of Civil Procedure was to protect the relationship of physician and patient, and to save the patient from possible disclosures by the physician which might result in his embarrassment or disgrace, and in determining the application of the statute in any case, the purpose of the enactment thereof and the policy of the State as disclosed by such enactment should be kept in mind.

KRUSE, P. J., dissents, with memorandum.

APPEAL in the first entitled action by the defendant, Franklin Johns, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 15th day of December, 1920, on the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 21st day of December, 1920, denying defendant's motion for a new trial made upon the minutes.

Appeal in the second entitled action by the defendant, Franklin Johns, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 15th day of December, 1920, on the verdict of a jury for $2,500, and also from an order entered in

said clerk's office on the 21st day of December, 1920, denying defendant's motion for a new trial made upon the minutes.

*Shedd, Morse, Pierson & Wynkoop* [*Frederick T. Pierson* of counsel], for the appellant.

*MacFarlane & Harris* [*William MacFarlane* of counsel], for the respondents.

HUBBS, J.:

The plaintiff, Pearl Hethier, was injured by being struck by the defendant's automobile and brought her action to recover damages for personal injuries. George Hethier, her husband, the plaintiff in the other action, sued to recover for the damage caused to him by reason of the injuries sustained by his wife. The cases were tried together by consent and resulted in a verdict in favor of each of the plaintiffs. The only question which we deem of importance in the consideration of these cases arises under sections 834 and 836 of the Code of Civil Procedure.

The plaintiff testified upon the trial as to the result of the injuries which she sustained and described her injuries and her feelings in detail. She also called as witnesses physicians who attended her and they gave in detail a description of her injuries and the treatment which they gave. The defendant called Dr. Whitney, who examined the plaintiff as a physician. He was asked to tell what he found and what he did. The question was objected to by the counsel for the plaintiff upon the ground that it was privileged, the objection was sustained and the defendant duly excepted.

The troublesome question as to whether or not the plaintiff, by bringing her action and testifying as to the injuries and treatment, and by calling for the testimony of certain physicians who attended her, waived the privilege conferred by section 834 of the Code of Civil Procedure and made the evidence of Dr. Whitney, when called by the defendant, competent, is thus presented. It is not claimed that any physician called by the plaintiff was present at the time when Dr. Whitney made his examination.

We would be content to affirm this judgment and to hold that the evidence of Dr. Whitney was properly excluded under

the authority of the case of *Hennessy* v. *Kelley* (55 App. Div. 449), decided by this court, were it not for the fact that a great deal of confusion has arisen about this question in the minds of members of the bar owing to a conflicting decision in another department and certain statements made by the Court of Appeals since the decision in the *Hennessy* case. This situation seems to make it advisable for us to restate our views and our reasons for believing that the law still remains as stated in the *Hennessy* case.

At common law a statement made by a patient to his attending physician or any fact ascertained by an attending physician in treating a patient was not privileged and the physician could be compelled to disclose the same upon the trial of an action.   On January 1, 1830, the Revised Statutes (2 R. S. 406, § 73) took effect in this State and prevented the disclosure by a physician of any information acquired in treating a patient.   That statute has become section 834 of the Code of Civil Procedure as amended.   By such statute the State adopted the policy of giving protection to those who were required to procure the services of physicians from disclosure of secrets imparted to such physicians by patients.   The purpose of the statute was to protect the relationship of physician and patient, and to save the patient from possible disclosure by his physician which might result in his embarrassment or disgrace.   It was supposed that the good accomplished by preventing disclosures by a physician and by inspiring confidence between patients and their physicians would outweigh the injustice in particular cases which might be caused by the exclusion of the physician's testimony under the provisions of such statute.   In determining the application of the statute to the case at bar and like cases, the purpose of the enactment of the statute and the policy of the State as disclosed by such enactment should be kept in mind.

The privilege is personal to the patient and may be waived by him.   Section 836 of the Code of Civil Procedure does not prescribe the manner in which a waiver must be made except by providing that it must be made upon the trial in open court unless the attorneys for the parties stipulate for such waiver.

The case of *Hope* v. *Troy & Lansingburgh R. R. Co.* (40 Hun, 438; affd., 110 N. Y. 643) was an action brought to recover damages for personal injuries. On the trial the plaintiff called one of the physicians who attended her. The defendant then called two other physicians who had attended her at different times. Their evidence was excluded on the ground that it was incompetent under sections 834 and 836 of the Code. The court said: " The defendant urges that when the plaintiff waived her right with respect to one physician, she opened the case to the others, but the statute does not seem to permit such construction." That case was affirmed by the Court of Appeals without opinion.

The case of *Record* v. *Village of Saratoga Springs* (46 Hun, 448; affd., 120 N. Y. 646) was also an action brought to recover damages for a personal injury. In that case it was held that a patient, attended by two physicians, might waive the privilege as to one and refuse to do so as to the other. In affirming no opinion was written in the Court of Appeals.

The case of *Barker* v. *Cunard Steamship Co.* (91 Hun, 495; affd., 157 N. Y. 693) was a personal injury action. It was there decided that the fact that the plaintiff called physicians who testified as to her physical condition both anterior to and subsequent to the day when she was in a hospital for treatment did not permit the defendant to prove by the hospital physician the plaintiff's condition while in the hospital, citing the *Hope* and *Record* cases. No opinion was written by the Court of Appeals in affirming.

The case of *Hennessy* v. *Kelley* (55 App. Div. 449), decided by this court, was an action by a physician to recover for services. The answer set up as a defense that the plaintiff had been guilty of malpractice. The defendant testified to his condition and called two physicians. On rebuttal the plaintiff testified and described the condition of the defendant at the time when the services were rendered. The plaintiff then called a physician who had treated the defendant and his evidence was received over objection. This court held that the receipt of such evidence constituted reversible error and that the fact that the defendant had disclosed his condition upon the witness stand and had called physicians who had testified to his condition did not permit the plaintiff to prove

by another physician who attended him alone on another occasion his condition at that time over the objection that the receipt of such evidence was in violation of section 834 of the Code. The decision in that case was based upon the authority of the *Hope, Record* and *Barker* cases, also upon the case of *Morris* v. *N. Y., O. & W. R. Co.* (148 N. Y. 88), which had been decided by the Court of Appeals subsequent to the first two cases above referred to. In that case the plaintiff was attended by two physicians at the same time for the same purpose. On the trial the plaintiff called one of the physicians who testified with reference to the plaintiff's condition. The defendant then called the other physician for the purpose of interrogating him about the same examination. The evidence was excluded. The Court of Appeals held that the plaintiff, by calling one of the physicians and taking his evidence, waived the privilege as to the other physician who examined him at the same time. In the opinion in that case the *Hope* and *Record* cases were referred to and were not treated as being in conflict, and later, when the *Barker* case reached the Court of Appeals, it was affirmed and undoubtedly was not considered in conflict with the *Morris* case.

*Fox* v. *Union Turnpike Co.* (59 App. Div. 363) was a personal injury action. The plaintiff therein testified as to her injuries and said that a doctor examined her back, ordered alcohol and gave her some medicine. It was held that such evidence did not open the door to the defendant to call the doctor to testify as to what he did or learned during the examination.

In the case of *Duggan* v. *Phelps* (82 App. Div. 509), a personal injury action, the plaintiff testified that after his injury he was taken to a hospital, that he left the hospital the next day and was thereafter treated by Dr. Mackey, who testified in detail as to the plaintiff's injuries. The defendant then called a hospital physician who treated the plaintiff when Dr. Mackey was not present. The evidence was excluded and the court held that calling one of two physicians who had treated him at different times did not waive the plaintiff's privilege, citing the *Hope* and *Barker* cases.

The question again arose in this department in the case

of *Milligan* v. *Clayville Knitting Co.* (137 App. Div. 383), in a personal injury action, and this court reiterated the doctrine which it had laid down in the case of *Hennessy* v. *Kelley* (55 id. 449).

Meanwhile, an opinion had been written in the Court of Appeals in the case of *Capron* v. *Douglass* (193 N. Y. 11). That was a malpractice action. The defendant had set the plaintiff's leg. It failed to knit properly and an operation was performed by Dr. Glass and Dr. Fred Douglass (not the defendant). On the operation, when the bones were laid bare by an incision, it was discovered that portions of flesh and tendons had got in between the ends of the bone and had thereby prevented the bone from knitting. Dr. Glass was called by the defendant and gave testimony to that effect without objection on the part of the plaintiff. Dr. Fred Douglass, who was present and assisted in performing the operation, was then called by the defendant to corroborate Dr. Glass. His evidence was excluded under section 834 of the Code. The Court of Appeals held that by not objecting to the evidence of Dr. Glass, the plaintiff waived his privilege and made the evidence of Dr. Fred Douglass, who was present and assisted in the operation, competent. After so holding the court·said: " But we prefer to place our decision in this case upon broader grounds." The court then goes on to say that the plaintiff, upon the trial, testified how the fracture occurred, how it was treated, about the pain that he suffered and the particulars of the operation at the hospital (where Dr. Glass and Dr. Fred Douglass operated) and the court held that he had himself given to the public the full details of his case and disclosed the secrets which the statute was intended to protect. The court said: " In other words, he has waived · in open court upon the trial all information which he might have kept secret, by disclosing it himself." The court held that it would lead to unreasonable and unjust results under such circumstances to exclude the evidence of Dr. Fred Douglass, and said: " Instead thereof, a construction of the provisions of the Code, to the effect that when the privilege of the plaintiff has been once waived by him in court, either by his own testimony or by that of others given with his knowledge and consent, and his physical condition has been

given to the public, the door is then thrown open for his opponent to give the facts as he understands them." The court thus held that where the plaintiff himself, upon the stand, had testified as to what took place with the physician offered by the defendant as a witness, the evidence of such witness should be received as the plaintiff had waived his privilege. It also held that where the evidence of one physician is received without objection, the door is open for the receipt of the evidence of other physicians who were present at the same time and took part in the same examination. It does not seem that the case held any more than that, but the language used has been construed as holding that where one physician is called and describes the patient's condition, another physician who attended him at about the same time may be called by the opposite party to describe his condition at the time when such physician attended him.

Before the case of *Capron* v. *Douglass* the Court of Appeals had decided four cases, without opinions, in which it had been decided by the Supreme Court that the calling of one physician did not waive the privilege as to another physician who treated the party at a different time. (*Hope* v. *Troy & Lansingburgh R. R. Co.*, 40 Hun, 438; affd., 110 N. Y. 643; *Record* v. *Village of Saratoga Springs*, 46 Hun, 448; affd., 120 N. Y. 646; *Barker* v. *Cunard Steamship Co.*, 91 Hun, 495; affd., 157 N. Y. 693; *Jones* v. *Brooklyn, B. & W. E. R. Co.*, 3 N. Y. Supp. 253; affd., 121 N. Y. 683.)

Since the decision in the case of *Capron* v. *Douglass* two cases have arisen in the Third Department. The first is that of *McKenney* v. *American Locomotive Co.* (164 App. Div. 625). In that case the plaintiff brought an action to recover damages for a personal injury and the court held that the plaintiff, when he testified upon the trial that Dr. Lord had treated his eye after the accident, and described the condition of his eye and his general condition as a result of the accident, and stated what Dr. Lord did, the testimony of the plaintiff as to the nature of his injury and his treatment by the physician, waived his privilege and that it was competent for the defendant to call Dr. Lord to dispute the evidence of the plaintiff upon that subject and to describe his actual condition. In that case Mr. Justice WOODWARD dissented in a

very vigorous opinion. The dissenting opinion, however, is based very largely upon the proposition that the testimony given by the plaintiff was not sufficient to waive the privilege, it being conceded that if the plaintiff had gone into details as to Dr. Lord's treatment and what was said, and as to the condition of his injuries at the time, etc., the privilege would be waived.

The other case was that of *Dewey* v. *Cohoes & Lansingburgh Bridge Co.* (170 App. Div. 117). In that case the court held that where the plaintiff, in a personal injury action, testified as to his injury and condition, and called physicians who testified as to his condition, it opened the door to the defendant to call a physician who examined the plaintiff at a different time. The court said: " It seems unfair that he could call certain of his physicians and refuse to permit others to testify on the ground of professional privilege." The court then quoted from the case of *Capron* v. *Douglass*, and said: " Upon the authority of the *Capron* case we feel that the defendant was entitled to the evidence of Dr. Harvie as to the plaintiff's condition." This is the only case which we have been able to find which places such a construction upon the *Capron* case. We do not believe that the *Capron* case justifies such construction. The fact that it seemed unfair, as stated in the opinion in the *Dewey* case, is a matter that was for the Legislature to determine and not for the court. It has determined that question, and unless there is a waiver upon the trial, no matter how unfair it may seem, the evidence of an attending physician is not competent when objected to by the patient. It does not seem to us that the calling of one attending physician constitutes a waiver as to another physician who attended the party at a different time. It is not unreasonable to suppose that cases might arise where a party would be willing to have one attending physician disclose all he knew about the patient's condition, when at the same time the party would be willing to forfeit all of the benefits which he might derive from his cause of action rather than have another attending physician disclose information which he had obtained in treating the party for the same injury. We think that the rule as laid down in the *Hope* case has become the law of this State and that the decision of the Court of Appeals in

affirming that case and in affirming the other cases referred to herein where the same principle was enunciated established that doctrine and that the Court of Appeals did not intend, by its decision in the *Capron* case, to overrule those decisions and to establish an entirely different doctrine without referring to those decisions.

The judgment and order, in each case, should be affirmed, with costs.

All concur, except KRUSE, P. J., who dissents in a memorandum.

KRUSE, P. J. (dissenting):

I dissent upon the authority of *Capron* v. *Douglass* (193 N. Y. 11); *Dewey* v. *Cohoes & Lansingburgh Bridge Co.* (170 App. Div. 117). It seems to me that the plaintiff waived her privilege of objecting to the testimony of Dr. Whitney by giving her own testimony, and that of her other physicians, who treated her for the injuries of which she complains and for which she seeks to recover damages from the defendant. While the examination of the plaintiff by Dr. Whitney was not made in the presence of the other physicians whose testimony was taken on her behalf, it related to the same injuries and the examination was made about the time of that of the other physicians, and besides, the plaintiff herself very fully disclosed all of her ailments resulting, as she claimed, from these injuries, and she herself gave testimony of what was said and done by Dr. Whitney, although Dr. Whitney might have testified to more than she did. Merely because Dr. Whitney's testimony might have been at variance with her own, or with that of the other physicians, respecting her injuries, furnishes no good reason for depriving the defendant of his testimony.

In each case judgment and order affirmed, with costs.