JOSEPH F. FENNELLY, Respondent, *v.* SCHENECTADY RAILWAY COMPANY, Appellant.

Third Department, May 3, 1922.

Street railways — action by passenger for personal injuries received while being ejected from car — evidence — plaintiff's physician testified concerning injuries — error to exclude testimony of another physician who examined plaintiff morning after alleged assault on ground that communication was privileged — immaterial whether relation of physician and patient existed.

In an action against a street railway company by a passenger to recover damages for personal injuries received while being ejected from one of defendant's cars, where plaintiff and his physician testified concerning the injuries, it was reversible error to refuse to permit the defendant to introduce the testimony of another physician, who had examined plaintiff the morning after the alleged assault, upon the ground that the relation of physician and patient existed and hence any communication was privileged, as plaintiff had placed his person before the jury as a basis for damages and had his condition described by his own physician, and he thereby waived any privilege as to any physician who examined him at about the same time. It was immaterial whether or not the relation of physician and patient was shown to exist.

APPEAL by the defendant, Schenectady Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 1st day of December, 1921, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 16th day of December, 1921, denying defendant's motion for a new trial made upon the minutes.

*Naylon, Robinson & Maynard* [*P. C. Dugan* of counsel], for the appellant.

*John F. O'Brien,* for the respondent.

HINMAN, J.:

This action is brought to recover damages for personal injuries alleged to have been inflicted on the plaintiff while being ejected from a car of the defendant on its Albany-Schenectady line by the defendant's employees on the evening of May 19, 1917. The defense of the defendant was that the plaintiff was put off the car for non-payment of fare; that no more force was used than was reasonably necessary, and that the plaintiff suffered no injury whatsoever.

The plaintiff by his own testimony and that of his physician, Dr. Bellin, sought to prove that he was severely injured in that he had a contusion on his right chest and an incomplete fracture

of his rib and a contusion to the back of his head. Dr. Bellin did not examine the plaintiff until three days after the alleged assault. The defendant sought to prove by Dr. MacDonald, another physician, who was the county physician at the Schenectady County Hospital, to which the plaintiff was taken, what he found with reference to the physical condition of the plaintiff upon his examination of him the morning after the alleged assault. This testimony was objected to by the plaintiff upon the ground of privilege upon the theory that as county physician Dr. MacDonald was attending the plaintiff as a patient and was obliged to consider communications between himself and the plaintiff as privileged.

The testimony of Dr. MacDonald was most important to the defendant since not only the question of the amount of damages, depending upon the extent of his physical injuries, was involved, but the question whether he was injured at all was highly essential to the defendant as tending to bear out the plaintiff's theory of an assault and rough usage or the defendant's theory that he had not been improperly or roughly ejected.

The refusal of the trial court to permit Dr. MacDonald to state to the jury what he found, if anything, in his examination of the plaintiff was reversible error irrespective of the question whether the plaintiff had met the burden which rested upon him to establish that the privileged relationship of physician and patient existed between the plaintiff and such physician (*Griffiths* v. *Metropolitan Street Railway Co.*, 171 N. Y. 106) for the reason that the plaintiff had placed his person before the jury as a basis for damages and had his condition described by his own physician, Dr. Bellin. He thereby waived any privilege not only as to the physician called by him, but as to any physician who examined him at about the same time. (*Dewey* v. *Cohoes & Lansingburgh Bridge Co.*, 170 App. Div. 117; *Capron* v. *Douglass*, 193 N. Y. 11.)

We need not pass upon the other questions raised upon the appeal since a new trial must be ordered.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event.