RUTH GOLDEN, Respondent, *v.* ABRAHAM WEINSTEIN, Appellant.

First Department, June 2, 1922.

Assault and battery — action for indecent assault — trial — evidence — error to limit defendant to five witnesses to effect that no outcries were made by plaintiff.

In an action to recover damages for an indecent assault, it was error for the court, after the defendant had examined five witnesses in his behalf, to refuse, on the ground that further evidence would be cumulative, to permit him to examine others to corroborate those who had testified that they were around the building where the assault was alleged to have occurred and could have heard the outcries which the plaintiff claimed that she made, if the assault had been committed and those outcries had been made, and that they heard nothing.

APPEAL by the defendant, Abraham Weinstein, from a judgment of the City Court of the City of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 19th day of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes. Said defendant appeals also from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 14th day of November, 1921, affirming said judgment of the City Court of the City of New York in favor of the plaintiff.

*Solon B. Lilienstern* [*Samuel D. Lasky* of counsel], for the appellant.

*Mortimer W. Solomon* of counsel, for the respondent.

SMITH, J.:

The action was an action for indecent assault. The plaintiff swore to the assault and was corroborated by a witness who was a co-employee. The defendant produced different witnesses who swore that they were around the building and could have heard the

outcries which the plaintiff claims to have made, if the assault had been committed and those outcries had been made, and that they heard nothing. After the defendant had sworn five witnesses, the court refused to allow him to swear any more witnesses to these facts, on the ground that such evidence was cumulative. That this was error is held in *Page* v. *Krekey* (137 N. Y. 307); *Ward* v. *Washington Ins. Co.* (6 Bosw. 229); *Capron* v. *Douglass* (193 N. Y. 11); *Hauptman* v. *New York Edison Co.* (160 App. Div. 917).

The determination of the Appellate Term and the judgment of the City Court and the order should be reversed, and a new trial granted, with costs in all courts to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Determination appealed from and judgment of the City Court reversed and new trial ordered, with costs to appellant in all courts to abide the event.