JULIUS STEINBERG, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

(Argued October 25, 1933; decided November 21, 1933.)

46

*William G. Birmingham, Kenneth De F. Carpenter* and *Louis H. Cooke* for appellant. It was error to strike from the testimony of the doctors called by defendant the words " ailment " and " disease." (*Patten* v. *U. L. & A. Ins. Assn.*, 133 N. Y. 450; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861; *Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449.)

*Ellsworth Baker* and *Morris M. Oppenheim* for respondent. A physician is disqualified from testifying concerning the fact of the existence of a disease or ailment in a patient, for such information can only be acquired in attending a patient in a professional capacity. (*Patten* v. *U. L. & A. Ins. Assn.*, 133 N. Y. 450; *Edington* v. *Mutual Life Ins. Co.*, 67 N. Y. 185; *Grattan* v. *Metropolitan Life Ins. Co.*, 80 N. Y. 281; *Briggs* v. *Briggs*, 20 Mich. 34; *Denaro* v. *Prudential Ins. Co.*, 154 App. Div. 840; *Sparer* v. *Travelers Ins. Co.*, 185 App. Div. 861.) The plaintiff by calling his physician to testify does not waive his objection to the evidence of other physicians who had treated him at other periods. (*Hope* v. *Troy & Lansingburgh R. R. Co.*, 40 Hun, 438; 110 N. Y. 643; *Record* v. *Village of Saratoga Springs*, 46 Hun, 448; 120 N. Y. 646; *Barker* v. *Cunard S. S. Co.*, 91 Hun, 495; 157 N. Y. 693; *Hennessy* v. *Kelley*, 55 App. Div. 449.)

HUBBS, J. The appellant, on December 20, 1928, issued and delivered to the respondent an ordinary life insurance policy for $5,000, with disability and double indemnity benefits. Thereafter, it issued and delivered to respondent three other policies of the same type. Before the first policy was issued, a physical examination of respondent was made by appellant's medical examiner. At the time of the examination, the respondent answered in writing certain questions in regard to his health and prior physical condition. A copy of the questions and

answers were attached to the policies as required by section 58 of the Insurance Law (Cons. Laws, ch. 28). Two of the questions and the answers thereto were as follows:

" 8. Have you ever consulted a physician or prac- titioner for or suffered from any ailment or disease of * * * the heart, blood vessels or lungs? No."

" 10. Have you ever consulted a physician or prac- titioner for any ailment or disease not included in your above answers? No."

Thereafter, three supplemental applications for insur- ance were made by the insured. The four policies were issued and delivered by the appellant in reliance upon the answers made by respondent to the questions which he answered as part of the medical examination including the questions and answers quoted above. The two-year incontestability clauses contained in the policies prevent any defense as to the ordinary life insurance provisions in the policies, but do not apply to the disability and double indemnity benefits.

This action was brought upon the policies to recover disability benefits, and for certain other relief which is immaterial at this time. The appellant's answer so far as material at this time alleged as a defense that answers to questions numbered eight and ten heretofore quoted were false in that prior to the date of the application, plaintiff had suffered from pulmonary tuberculosis on account of which he had consulted, been examined and treated by physicians. At the trial, respondent introduced the policies in evidence and called as a witness a physician who had examined him for the first time on the day of the trial. He testified that he found from such examination that the insured was then suffering from moderately advanced active pulmonary tuberculosis. He testified that in his opinion he had suffered from that disease and that the same condition had existed since January 1, 1932, seven months before the trial, and that he had been totally disabled from such disease during that period.

The appellant called two physicians, each of whom testified that prior to December, 1928, the respondent had consulted him in a professional capacity on several occasions, and that on those occasions he was sick.

The doctors were not permitted to testify that he was suffering from any ailment or disease or to state from what he was suffering or give any testimony other than that he was sick. The court sustained an objection to any other testimony on the part of the doctors upon the ground that such testimony was prohibited by section 352 of the Civil Practice Act, which reads: "A person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

Section 354 provides that the prohibition contained in section 352 may be expressly waived upon a trial by the patient. It does not specify what shall constitute a waiver or how it shall be manifested.

At common law, an attending physician who had treated a patient could be compelled upon a trial to disclose the information which he acquired during such treatment. The Revised Statutes of 1830 (2 R. S. 406, § 73) provided that a physician should not disclose any information acquired by him in treating a patient. That statute was embodied in section 834 of the Code of Civil Procedure and has become section 352 of the Civil Practice Act.

In considering the application of the section under the facts of this case, the purpose of the statute and the public policy evidenced by the enactment should be appreciated. Its purpose is to protect those who are required to consult physicians from the disclosure of secrets imparted to them; to protect the relationship of patient and physician and to prevent physicians from disclosing information which might result in humiliation,

embarrassment or disgrace to patients. When the original statute was enacted, it was believed that the benefits which would accrue from its enactment by preventing disclosure by physicians of information gained in consultation and by inspiring confidence between patients and their physicians would outweigh any injustice which might result in particular cases caused by the exclusion of testimony by physicians at trials.

The privilege is personal to the patient and may be waived by him upon the trial of an action in open court.

The question in this case is whether the respondent in calling a physician as a witness and thereby disclosing the fact that he was suffering from moderately advanced pulmonary tuberculosis on January 1, 1932, constituted a waiver of the privilege so that the appellant should have been permitted to introduce the testimony of other physicians who had treated him, for the purpose of establishing that he was suffering from the same disease prior to December, 1928, and had been treated by physicians for that disease.

In the application the question was asked whether the applicant had ever consulted a physician in regard to various diseases, and he answered " no." Then followed question 10, heretofore quoted, in which he was asked if he had ever consulted a physician for any ailment or disease not included in the questions which he had already answered, and his answer was " no."

Possibly the questions asked the appellant's medical witnesses should have been more definite and limited as to time. No such objection was made to the questions, however, and it is apparent from what transpired, that the objections were sustained solely upon the ground that answers were prohibited by reason of section 352 of the Civil Practice Act.

Prior to the decision of this court in *Capron* v. *Douglass* (193 N. Y. 11) numerous cases had been decided in this

State holding that where a plaintiff called a physician who gave testimony as to his physical condition that fact did not constitute a waiver of the prohibition contained in the statute and did not open the door so that the defendant could call other physicians to testify as to the physical condition which they found in treating the plaintiff.

Many of those cases are collated in the opinion in *Hethier* v. *Johns* (198 App. Div. 127; revd., 233 N. Y. 370).

In *Capron* v. *Douglass* (*supra*) the plaintiff had testified in detail in regard to his physical condition. He permitted without objection one doctor who operated upon him to describe what he discovered during the operation. When the defendant called the physician who assisted the doctor who had testified testimony by him was excluded upon objection by plaintiff that it was privileged.

This court held that ruling to be error and definitely decided that where the evidence of one physician is received without objection, the privilege is waived, and testimony of a physician who was present and assisted in an operation, when offered by the opposing party, is competent and should be received.

While it appears in that case that the plaintiff himself had given testimony as to his physical condition and thus opened the door for testimony by physicians offered by the defendant, the court did not restrict its decision to the facts in that case, but expressly decided that where a plaintiff by testimony given by others with his knowledge and consent has exposed his physical condition to the public, the door is open to the defendant to offer testimony by physicians upon the same subject.

In the case of *Heihier* v. *Johns* (233 N. Y. 370, 372) the plaintiff had given testimony as to her physical condition and had called physicians who had described her physical condition. The defendant then called a physician who had

examined her when the physicians who had testified in her behalf were not present.

The trial court excluded the testimony offered. This court decided that such ruling constituted reversible error. The opinion after stating that the plaintiff herself had testified to her physical condition and the fact that she had consulted the physician called by the defendant, then said: " The physician may then be called by the defendant and examined as to any information acquired by him in the course of such consultation or treatment. The rule as it was formerly understood was altered by our decision in *Capron* v. *Douglass*." To hold that a plaintiff who " tenders to the jury the issue as to his physical condition," by means of the testimony of a physician who has examined him, has not waived his privilege and opened the door for the receipt of testimony from a physician offered by the defendant, while if the same testimony had been given by himself, the door would be opened and the privilege waived would introduce a refinement not justified by reason, or intended by the decision in *Capron* v. *Douglass* (*supra*).

When the respondent called a physician as a witness who testified that for at least seven months the respondent had been suffering from " active pulmonary tuberculosis " he exposed his condition to the public and disclosed the secret which the statute was enacted to protect and keep secret. By his own act he removed the prohibition of the statute and waived upon the trial the protection which it afforded him.

The contention that a patient may waive the privilege afforded by the statute himself by calling a physician and disclosing his physical condition and at the same time insist that the statute bars the defendant from calling a physician to describe his physical condition, if sustained, would in many cases result in injustice and fraud. It would be making a use of the statute never intended by

the Legislature and not now approved by this court. It is urged by respondent that even if it was proper to permit testimony to be given by the doctors called by the defendant as to respondent's physical condition during the seven months preceding the trial referred to in the testimony given by the doctor called by respondent, it would not have been proper to allow testimony by them as to his condition over three years before that time when the applications for insurance were signed.

Such contention overlooks or ignores the purpose of the statute.

There would be no more humiliation, mortification or disgrace in having the fact disclosed that he was suffering from pulmonary tuberculosis over three years and seven months before the trial than in the fact that he had that disease for seven months before the trial.

If his condition could not be shown as it existed three years before, could it be shown as it existed three months or three weeks before?

The disease is a progressive one. Respondent may or may not have suffered from it at the time he signed the applications for insurance. That was the issue in the case, and in fairness to the appellant, it was entitled to have received the testimony of doctors who examined him before the application was signed.

The judgments should be reversed and a new trial granted, with costs to the appellant in all courts to abide the event.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.