■   KATHERINE DAVIS, Respondent, v. JEROME G. DAVIS, Appellant.— In an action for separation on the ground of cruelty, the appeal is from a judgment granting respondent a separation, awarding custody of their three children to her and directing appellant to pay $125 a week and additional allowances for the support of respondent and the children.   The complaint alleges, among other things, that appellant had practiced cruelty upon respondent, in that he had sought to have her committed to a mental institution.   Upon the trial, her brother testified in her behalf that one of the psychiatrists whom she had consulted at her husband's suggestion told the witness that she was mentally ill and in need of hospital treatment.   Thereafter, appellant sought to introduce

testimony by the said psychiatrist and another who had likewise examined her, as to their respective findings concerning her mental condition. Upon objection on the ground of privilege, said testimony was excluded by the court, whose opinion, rendered at the end of the case, indicates that appellant's cruelty, for which the separation was granted, consisted of his efforts to have respondent committed. Judgment reversed, without costs, and new trial granted. The exclusion of the testimony of the psychiatrists was error, for the privilege of the statute (Civ. Prac. Act, § 352) was waived by respondent's introduction of the afore-mentioned testimony of her brother (Civ. Prac. Act, § 354; *Apter* v. *Home Life Ins. Co.,* 266 N. Y. 333; *Steinberg* v. *New York Life Ins. Co.,* 263 N. Y. 45; *Capron* v. *Douglass,* 193 N. Y. 11). In view of the fact that appellant's acts in question might have been entirely appropriate, if it were shown that he had reason to believe that respondent's mental condition required treatment, and in the light of the aforesaid opinion of the trial court, such error was prejudicial. Furthermore, even if there were no such waiver, the determination below could not stand, because the finding of cruelty was contrary to the evidence, respondent having failed to sustain her burden of proving that appellant's activities were unwarranted. Accordingly, since respondent's true mental condition is also important on the question of custody, a new trial should be had, at which such evidence as to that issue as may be competent and available may be adduced. Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ., concur.