Fuchsberg, J. (dissenting).
In my view the admission of the testimony of Dr. Daniel Schwartz, the psychiatrist who examined the defendant at the behest of defendant’s counsel for the purpose of enabling the latter to explore the defenses available to his client, was serious and fundamental error.
There are few matters as important to the preservation of a viable and equal system of justice as is the inviolability of the attorney-client privilege—a matter clearly having constitutional overtones (cf. Hoffa v United States, 385 US 293, 304-309; People v Pobliner, 32 NY2d 356, 363-365, rehearing den 33 NY2d 657, cert den 416 US 905). It would become a sterile privilege were it to be largely limited simply to verbal or written communications between clients and their attorneys. Especially in today’s world, where an attorney’s conscientious pursuit of a client’s interests so often mandates his resort to medical, psychological, scientific or other specialized sources of knowledge so that he may intelligently advise and represent his client, whether as to the defenses that may be available to a client defendant in a criminal case, as here, or otherwise, *627 the privilege, to be effective, must extend to the consultations the attorney undertakes for that purpose.
That is precisely what happened here. The defendant’s examination by Dr. Schwartz was for such purpose and such purpose alone. It was not for treatment. The defendant’s personal exposure to Dr. Schwartz was for all practical purposes but an extension of his exposure to his attorney for the ascertainment of facts relevant to his defense, all the more so where insanity was a crucial issue.
True it is that New York courts have never directly had the occasion to pass on this question, but all other Federal and State courts which have done so have recognized the application of the attorney-client privilege in almost identical factual circumstances. That includes the cases cited to that effect by the majority itself (United States v Alvarez, 519 F2d 1036; City & County of San Francisco v Superior Ct. of City and County of San Francisco, 37 Cal 2d 227 [Traynor, J.]; Lindsay v Lipson, 367 Mich 1; State v Kociolek, 23 NJ 400) and others (People v Lines, 13 Cal 3d 500; People v Hilliker, 29 Mich App 543; cf. United States v Kovel, 296 F2d 918 [Friendly, J.]). Significantly, in not one of them was there as much as a single dissent. When one considers that the scope of the attorney-client privilege is a subject which receives frequent judicial consideration, it seems fair to conclude from the unanimity in the cases cited that the courts of those jurisdictions which have not written on the subject have failed to do so only because the evidentiary rule expounded by the cases appeared beyond dispute.
People v Al-Kanani (33 NY2d 260) does not detract from the proposition at all. It deals simply with the waiver of a physician-patient privilege that arose from treatment in a case where insanity was asserted as a defense, a principle not unlike that applicable to other instances of the waiver of that privilege (e.g., Capron v Douglass, 193 NY 11 [malpractice case]; Steinberg v New York Life Ins. Co., 263 NY 45 [action upon policy of indemnity insurance]; Apter v Home Life Ins. Co., 266 NY 333 [action to restrain cancellation of life insurance policy]). That is not to be confused with communications to physicians within the compass of and as an adjunct to the attorney-client privilege.
Therefore, I dissent and vote to grant a new trial.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler *628 and Cooke concur with Judge Gabrielli; Judge Fuchsberg dissents and votes to reverse in a separate opinion.
Order affirmed.