MAX STRAUSS, Trading as STRAUSS & Co., Appellant, v. LEOPOLD ERNSTEIN et al., Copartners under the Firm Name of L. ERNSTEIN & BROTHER, Respondents.

Contract — sales — factors — alleged agreement by which defendants were to act as factors for plaintiff not only in sales of plaintiff's goods but also in sales of goods of others for whom plaintiff might act as selling agent — agreement examined and held not to support defendant's contention.

Plaintiff and defendants made an agreement under which the defendants were to act as factors not only in the sale of plaintiff's goods but also in the sale of the goods of other parties for whom the plaintiff might act as selling agent. At the termination of the agreement plaintiff began this action for a claim on account stated, to which defendants interposed a counterclaim for commissions on the goods of a certain manufacturing company sold by plaintiff as agent and which defendants claimed should have been passed through their hands as factors for plaintiff under the agreement. The sufficiency of the counterclaim depends upon the interpretation to be placed upon two letters written by defendants to plaintiff and to the manufacturing company respectively. In the letter to plaintiff, confirmed and approved by him, defendants stated that they confirmed "the arrangement under which we are to act as factors for you and the accounts whom you represent as selling agent," and recited the agreement as to delivery of the goods, insurance thereon, and

amount of commissions to be received by defendants and other details. Defendants' letter to the manufacturing company reads that the plaintiffs " state that they are to act as selling agents for a part of your production, we to be the factors on the following conditions * * * all sales are to be made through us subject to our approval, and the goods, when sold, are to be invoiced in our name," this statement being followed by a recital of arrangements as to amount of commissions, guaranty of accounts, liens upon goods for moneys due defendants and other details. *Held,* upon examination of these letters, the first of which constituted the contract between the parties, and the second of which is important as setting forth the interpretation which defendants placed upon said contract and the agreement to which the manufacturing company assented, that defendants under their contract with plaintiff were not entitled to act as factors in respect of and earn commissions upon all of the product of the manufacturing company which might be marketed by the plaintiff as selling agent; hence the counterclaim was properly dismissed at Trial Term.

*Strauss* v. *Ernstein,* 190 App. Div. 693, reversed.

(Argued October 14, 1921; decided November 22, 1921.)

APPEAL from a judgment entered February 18, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing judgment in favor of defendants.

*Max D. Steuer* and *Louis S. Schwartz* for appellant. The learned trial judge properly construed the agreement of November 25, 1914, and did not err in dismissing defendants' counterclaim. (*Eiseman & Co.* v. *Kugelman,* 188 App. Div. 718; *Carthage T. P. Mills* v. *Village of Carthage,* 200 N. Y. 1; *City of New York* v. *New York City Ry. Co.,* 193 N. Y. 543; *Tanenbaum* v. *Levy,* 83 App. Div. 319; 178 N. Y. 594.) Where any doubt exists as to what construction should be placed on a written agreement, it is well settled that the courts will construe it most strongly against the party preparing it or employing words concerning which any doubt arises. (*Broadway Realty Co.* v. *Lawyers Ins. & Trust Co.,* 226 N. Y. 335; *Simon* v. *Etjen,* 213 N. Y. 589; *Moran* v. *Standard Oil Co.,* 211 N. Y. 186; *Gillet* v. *Bank of America,* 160 N. Y. 554;

*Dold Packing Co.* v. *Kings County Ref. Co.,* 176 App. Div. 407; *Staten Island Shipbuilding Co.* v. *Speari,* 149 App. Div. 854.)

*Daniel P. Hays* and *Ralph Wolf* for respondents. The trial judge erred in dismissing the defendants' counterclaim, and the Appellate Division properly reversed the consequent judgment. (*Wood* v. *Duff-Gordon,* 222 N. Y. 88; *Edison El. Ill. Co.* v. *Thacher,* 229 N. Y. 172; *Hadden* v. *Dimick,* 31 How. Pr. 196; *May* v. *Hettrick Bros. Co.,* 181 App. Div. 3; 226 N. Y. 580; *Carns* v. *Bassick,* 187 App. Div. 280.)

HISCOCK, Ch. J. The parties to this controversy made an agreement under which the defendants were to act as factors not only in the sale of plaintiff's goods but also in the sale of the goods of other parties for whom the plaintiff might act as selling agent. The contract continued for some time and at its termination plaintiff presented to defendants a claim on an account stated of $5,158.77. The defendants alleged a counterclaim of $9,293.16 for commissions on the selling price of certain goods of the Pawtuxet Valley Textile Company sold by plaintiff which they claimed should have passed through them as factors under their contract. The Trial Term dismissed the counterclaim but the Appellate Division reversed this action and allowed defendants judgment for the balance of their claim over and above that alleged by plaintiff and which was not disputed. The question determinative of the controversy is the one whether defendants under their contract with plaintiff were entitled to act as factors in respect of and earn commissions upon all of the product of said Pawtuxet Valley Textile Company which might be marketed by the plaintiff as selling agent. The answer to be given to this question depends upon the interpretation to be placed upon two letters written by the defendants to the plaintiff and to the Pawtuxet Company respectively.

The first of these letters, directed to the plaintiff, and omitting provisions which are not material in this controversy reads as follows:

" GENTLEMEN: We herewith beg to confirm the arrangement under which we are to act as factors for you and the accounts whom you represent as Selling Agents:

" All your goods are to be delivered and consigned to us free of all charges together with original bills, showing proper title in your name to the goods and all sales to be subject to our approval.

" We will keep the goods insured against fire and burglary. We will undertake the delivery and packing of the goods, the billing and bookkeeping, and furnish local telephones and light, and will guarantee the accounts which have been checked by us.

" Our commission for doing all the above, is to be two per cent. (2%) of the net amount of the charges and $375 each and every month during the period of this contract. Out of the commission which you and we will receive from the manufacturers for whom you act as Selling Agents, we will retain 2% for ourselves and turn over the excess of this commission to your credit.    *    *    *

" We will make advances on goods consigned to us which are commercially perfect, up to the amount of 66 2/3% of their net value, the total of such advances not to exceed at any time $20,000.00.    *    *    *

" This agreement to take effect on your giving your written approval to the contents of this letter.

" Very truly yours,

*    *    *            " L. ERNSTEIN & BRO.
" Confirmed and approved by:

" STRAUSS & Co."

This letter constitutes the contract between the parties and we search its provisions for the purpose of ascertaining whether on any reasonable interpretation plaintiff

did agree that all the goods which under any circumstances he might sell for the Pawtuxet Company should pass through the possession and factorship of the defendants. We do not think that he did thus agree. He did expressly agree that all of his own goods were to be delivered and consigned to the defendants in such a manner as would enable them to act as factors in respect thereof. But there is no such express agreement in respect of the goods of other parties for whom he might act as selling agent nor is there anything from which we think such agreement can be implied. An agreement should not be interpreted as exclusive and as depriving one party of natural rights unless such feature is clearly expressed. We do not interpret the first paragraph of the letter as implying such an agreement. That paragraph reading " We herewith beg to confirm the arrangement under which we are to act as factors for you and the accounts whom you represent as selling agents " to our mind means a confirmation of the conditions which were to govern the duties and commissions of the defendants when they did act as factors and not as meaning that they were entitled thus to act as factors for all the goods of third parties which might be sold through plaintiff.

There was a very good reason why plaintiff should not make a contract binding him to pass through defendants as factors all the goods of third parties which he might sell. The duties which defendants as factors were to discharge could only be discharged by and with the consent and co-operation of the manufacturer. Shipment to and possession by defendants of the goods were necessary to enable them to discharge their duties as factors and of course such shipment and possession could only be obtained by the co-operation and consent of the manufacturer. This condition of their factorage was fully realized by the parties and it was the custom to submit for confirmation and approval to third parties

[232 N. Y. 187]     Opinion, per HISCOCK, Ch. J.     [Nov.,

whose goods were involved the proposed agreement between plaintiff and defendants. In accordance with this custom defendants wrote the second letter which has been mentioned directly to the Pawtuxet Company concerning their contract with plaintiff. Counsel for respondents goes so far as to say in respect of this letter that it was a contract made by the defendants with the Pawtuxet Company pursuant to plaintiff's notification and for the evident purpose of carrying into effect the contract between plaintiff and the defendants and " that this contract between the defendants * * * is * * * very important and convincing evidence as to the construction to be given to the original contract between the plaintiff and the defendants." We doubt whether the letter in question became any part of the contract between plaintiff and defendants on the theory of a tripartite agreement, but we do agree that it is very important as setting forth the interpretation which the defendants placed upon said contract and as outlining the agreement with plaintiff to which the Pawtuxet Company assented. We, therefore, turn to this letter as throwing further light upon the agreement between the parties to this controversy.

The letter is addressed to the Pawtuxet Valley Textile Company and, again repeating only those provisions which are material, it reads as follows:

" Messrs. Strauss & Co. state that they are to act as selling agents for a part of your production, we to be the factors, on the following conditions:

" Goods are to be delivered and consigned to us at our store, free of all charges. All sales are to be made through us subject to our approval, and the goods when sold, are to be invoiced in our name.

" The commission of Messrs. Strauss & Co. and ourselves for the services to be rendered by them and ourselves including cash discount and dating is to be fifteen per cent. (15%) of the net amount of the sales. * * *

" We guarantee the solvency of the debtors at the time of maturity of all approved sales. * * *

" We are to have a lien on all merchandise and other property belonging to you in our possession as security for all moneys owing to us by you due or not due together with interest. * * *

" Should you require it we shall make an advance of not more than 66 2/3% of the net market value of the goods delivered into our possession, subject to arbitration, in case of disagreement as to the values. * * *

" Kindly confirm this agreement by signing same, and oblige,

"        " Yours very truly,
" Accepted and Approved:      L. ERNSTEIN & BRO.
" PAWTUXET VALLEY TEXTILE Co."

This letter makes plain what has already been said that the contract between plaintiff and defendants could not be carried out without the consent and co-operation of the manufacturer and in view of defendants' conduct in seeking a contract with the manufacturer for the purpose of effectuating its contract with the plaintiff it is fair to assume that the contract with the manufacturer set forth fully all of the rights which defendants had to act as factors in respect of the goods of such manufacturer. Therefore, we search this letter also to ascertain whether the defendants had the right to insist that all goods marketed by the Pawtuxet Company through plaintiff as a selling agent must also pass through their possession and operations as factors. And in this connection and in passing upon this question it is to be observed that it made a very substantial difference whether its goods were handled by defendants as factors. The letter now under consideration shows that where the defendants acted as factors the manufacturer was compelled to pay a commission of 15% upon the selling price of the goods, whereas it was able to market its

goods through plaintiff merely as a selling agent at a commission of 2½%, itself absorbing labor and expenses in the shipment of goods which otherwise would have been borne by the factors and also taking the risk of credits. The letter ought not to be interpreted as between defendants and the Pawtuxet Company as depriving the latter of the right to exercise its choice in marketing its goods unless such intent is clearly expressed. We do not find it thus expressed. The opening paragraph of the letter is the only one which bears upon this question and that recites: "Messrs. Strauss & Co. state that they are to act as selling agents for a part of your production, we to be the factors, on the following conditions." This means that the defendants and plaintiff were to act in combination in marketing a part of the goods. Nobody will claim that the provision fixed the proportion or part of said goods in respect of which the two parties were to act respectively as selling agent and factor. So far as we can see the Pawtuxet Company would have been at perfect liberty to have marketed ninety-nine one-hundredths of its goods through other selling agents and thus to have deprived defendants of the right to act as factors. It seems to us also clear that the Pawtuxet Company equally had the right to determine what proportion of its goods it would market in the ordinary way through a selling agent at a small commission and not turn over to the joint operations of plaintiff and defendants. The defendants under this letter simply secured the right to act as factors in the disposition of certain goods for which Strauss & Company was to act as selling agent; they did not secure the right to be factors in respect of those goods which the Pawtuxet Company might elect to market simply through Strauss & Company without factors.

The words "All sales are to be made through us" do not in our opinion confer any such right as defendants claim. The letter stated that defendants were to

act as factors in the disposition of certain goods and then provided that goods were to be delivered and consigned to them at their store free of charges and that all sales were to be made through them subject to their approval. This clause simply provided for the method which was to be pursued in the case of all goods which were disposed of through defendants as factors and did not fix the proportion or extent of the goods which were thus to be disposed of.

It may perhaps be said that the interpretation which we have placed upon the contract of the parties is not beyond doubt. It seems to us to be the more reasonable one and if there be ambiguities in the contract they are to be resolved against the defendants who undertook to embody in writing the agreement which the parties had made.

In accordance with these views we think that the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and the Appellate Division.

HOGAN, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., dissents.

Judgment accordingly.