LLEWELLYN M. ALDRICH, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

**Insurance (life) — principal and agent — action by life insurance agent to recover commissions on renewal premiums after his discharge by the company — contract between agent and company construed and held that, under the terms thereof, the agent is entitled to recover.**

1. A construction which makes the contract fair and reasonable will be preferred to one which leads to harsh and unreasonable results. Where a written contract has an apparent meaning at variance with its real meaning, it may bind the author of the ambiguity contrary to its real meaning, if this meaning was so obscurely expressed that the other party was likely to be misled and was misled.

2. A contract between defendant, a life insurance company, and plaintiff, an agent employed to procure insurance within a certain state, provided, in the 21st section thereof, that plaintiff, " unless otherwise expressly stipulated in writing," should receive stipulated commissions on the original or renewal cash premiums which should be collected and received by him up to and including the sixth year of assurance " should his agency continue so long," on policies of insurance procured by or through him, which commissions should be at and after certain specified rates. The 23'd section of the contract provided that, if plaintiff should procure, during the first twelve months of the continuance of the agreement, new insurance on the plans designated in the 21st section (excepting certain specified business) amounting to $100,000, upon which cash premiums for the first year of assurance shall have, ultimately, been paid to and received by the

agent, the renewal commissions provided in the 21st section should be extended to and include the seventh year of assurance, and for each additional $25,000 of insurance procured by plaintiff said renewal should be extended to include an additional year, not, in all, to extend beyond the eleventh year of assurance. Plaintiff entered upon the performance of his contract and within a certain year, following, wrote $233,500 of new business. Thereafter the vice-president of defendant wrote a letter to plaintiff stating that the company had checked up the insurance obtained by and paid for by plaintiff, and found that said business, under the conditions of the agreement, amounted to $233,500 and that, consequently, the plaintiff would be entitled to a renewal commission of five per cent on the premiums of so much of said business as may be renewed for the seventh, eighth, ninth, tenth and eleventh years of assurance subject to all the terms and conditions of the agreement. A few months later plaintiff was dismissed by defendant. This action is brought to recover plaintiff's commissions on renewal premiums paid for eleven years after the termination of the agreement. Upon an examination and construction of the terms of the contract, it must be held that when section 23, which extended the time in which the agent should receive the commissions named so as to include the seventh year and up to the eleventh year according to the amount, omitted the words " should his agency continue so long," contained in section 21, these words were omitted because the defendant intended to have its agents believe, and by this omission, in connection with other provisions, they were led to believe, that a new arrangement was made for the payment of commissions upon a large amount of business, and, hence, the plaintiff is entitled to the commissions collected upon the increased business up to the eleventh year, notwithstanding his discharge by the defendant. (*Heyn* v. *New York Life Ins. Co.*, 192 N. Y. 1, followed.)

*Aldrich* v. *New York Life Ins. Co.*, 201 App. Div. 677, reversed.

(Argued January 31, 1923; decided March 6, 1923.)

APPEAL from a judgment entered July 19, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint.

*Samuel Fleischman* and *Percy L. Klock* for appellant. Under the contract upon which the action is brought

the plaintiff is entitled to the stipulated commissions on renewal premiums, his agency not having been discontinued, nor his commissions forfeited, for one of the causes expressly set forth in the contract as ground of forfeiture. (*Cree* v. *Bristol*, 12 Misc. Rep. 1; *M. M. L. Ins. Co.* v. *Colman*, 118 Tenn. 215; *Markham* v. *Krumbholz*, 139 App. Div. 417; *Muesling* v. *International Ry. Co.*, 85 Misc. Rep. 309; *Singer Mfg. Co.* v. *Brewer*, 78 Ark. 202; *Heyn* v. *N. Y. L. Ins. Co.*, 192 N. Y. 1.) As the contract was prepared by the defendant it should be construed most strongly against it. (*Strauss* v. *Ernstein*, 232 N. Y. 187; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Sanford* v. *Brown Bros. Co.*, 208 N. Y. 90; *Marshall* v. *Commercial Travelers Mutual Acc. Assn.*, 170 N. Y. 434; *Hauck Food Products Corp.* v. *Stevenson & Co.*, 118 Misc. Rep. 31; *Industrial & General Trust* v. *Tod*, 180 N. Y. 215; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Shubert Theatrical Co.* v. *Gallagher*, 200 App. Div. 596; *Marshall v. Sackett & Wilhelms Co.*, 166 App. Div. 141; *Staten Island Ship B. Co.* v. *Spain*, 149 App. Div. 854.) In construing the contract in question, a construction should not be given to it that would put the plaintiff at the mercy of the defendant. (*Heyn* v. *New York Life Ins. Co.*, 192 N. Y. 1; *Sanford* v. *Brown Bros. Co.*, 208 N. Y. 90; *People* v. *Craig*, 232 N. Y. 125; *Raw Silk Trading Co.* v. *Katz*, 201 App. Div. 713; *Dunning* v. *Elmore & Hamilton Contracting Co.*, 139 App. Div. 249; 204 N. Y. 647; *Simon* v. *Etgen*, 213 N. Y. 589; *Kavanaugh* v. *Cohoes L. & P. Co.*, 187 N. Y. Supp. 216; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Shoellkopf* v. *Coatsworth*, 166 N. Y. 77; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Russell* v. *Allerton*, 108 N. Y. 288; *Wright* v. *Reusens*, 133 N. Y. 298; *Jugla* v. *Trouttet*, 120 N. Y. 21.)

*Louis H. Cooke* for respondent. The plaintiff was not entitled to any commissions on renewal premiums paid to and received by the defendant after the discontinuance

of his agency and he cannot recover herein. (*Shaw* v. *Home Life Ins. Co.*, 49 N. Y. 681; *Bowles* v. *Sawyer*, 102 Atl. Rep. 562; *Locher* v. *New York Life Ins. Co.*, 208 S. W. Rep. 862, 863; *Scott* v. *Travellers Ins. Co.*, 63 Atl. Rep. 377; *Fidelity & Deposit Co.* v. *Washington Life Ins. Co.*, 193 Fed. Rep. 512; *Ballard* v. *Travellers Ins. Co.*, 25 S. E. Rep. 956; *North Carolina Life Ins. Co.* v. *Williams*, 91 N. C. 69; *Mills* v. *Union Central Life Ins. Co.*, 25 So. Rep. 954; *Heyn* v. *N. Y. L. Ins. Co.*, 118 App. Div. 194; *Wightman* v. *N. Y. L. Ins. Co.*, 119 App. Div. 496.)

CRANE, J. The plaintiff and defendant made a contract in writing dated February 28, 1898, whereby the plaintiff was employed as an agent to procure insurance in the state of New Hampshire. He was to be paid according to the following clauses:

" 21st. It is agreed that said party of the second part shall be allowed, under this agreement, the following compensation only, unless otherwise expressly stipulated in writing, namely: a commission on the original or renewal cash premiums which shall, during his continuance as said Agent of said party of the first part, be obtained, collected, paid to and received by said party of the first part up to and including the sixth year of assurance (should his Agency continue so long) on policies of insurance effected with said party of the first part, by or through said party of the second part, which commission shall be at and after the following rates."

Then follows a list of twelve different kinds of policies with a statement of terms or allowances figured in percentages. By the 23d clause, compensation was again provided for, based upon the conditions therein stated:

" 23rd. It is agreed that if said party of the second part shall secure, during the first twelve calendar months of the continuance of this agreement, new insurance on the plans designated in section 21st hereof (excepting

Adjustable Accumulation business) subject to all the terms and conditions of said section, amounting to the sum of One Hundred Thousand ($100,000) Dollars, upon which the original cash premiums for the first year of assurance shall have, ultimately, been paid to and received by said party of the first part in due course of business, the renewal commissions provided in section 21st hereof shall be extended to include the seventh year of assurance, and for each additional Twenty-five Thousand ($25,000) Dollars insurance procured as aforesaid, said renewal shall be extended to include an additional year of assurance, not, in all, to extend beyond the eleventh year of assurance."

The plaintiff entered upon the performance of his contract and in the year ending February 27, 1902, wrote $233,500 of new business. The defendant thereupon wrote him under date of April 27, 1903, the following letter:

" Mr. L. M. ALDRICH,
         " c/o Watertown Branch:

" DEAR SIR.— Referring to your agreement with this Company, dated Feb. 28, 1898, and subject to all its terms and conditions, I beg to advise you that the Comptroller has checked a statement of the business paid for by you during the year ending Feb. 27, 1902, and finds that said business, under the conditions of said agreement, and for the purposes of this letter, amounts to $233,500. Dollars.

" You will, therefore, be entitled to a renewal commission of 5 percent on the premiums of so much of said business as may renew for the 7th, 8th, 9th, 10th, and 11th years of assurance, subject to all the terms and conditions of said agreement. Please accept this letter in duplicate, and return both copies for execution by the Company.

" This letter shall take effect, if duly signed by you, and in fac-simile by the Fourth Vice-President of this

Company, and is further countersigned on behalf of the Company by its Contract Registrar at the Home Office of the Company.

> " Yours truly,
>
>                    " THOS. A. BUCKNER,
>                              " *4th Vice-President,*
>                    " L. M. ALDRICH,
>                                        "*Agent.*
> " C. A. LEWIS,
>     "*Contract Registrar.*"

The plaintiff continued to do business for the defendant until July 16, 1903, when he was dismissed by letter informing him that his agreement was terminated because he was not producing business. This action is brought to recover the plaintiff's commissions on renewal premiums paid for eleven years after the termination of the agreement. The defense is that the contract states that he is to get no commission on renewals after his agency ends. The defendant claims that the agreement clearly states that if the plaintiff during twelve calendar months secure new insurance amounting to $100,000 the defendant promises to pay the renewal commissions as percentaged in section 21 for an additional term specified, but that it may discharge him at any time and end the obligation. I do not think that this agreement is as clear as the defendant would now like to make it, and that the plaintiff had every reason to believe that he was engaged on no such basis. The agreement was drawn by the defendant and as the main portion of it is a printed form it is reasonable to suppose that it was well thought out and considered by the defendant's agents before being being stereotyped. The defendant's interpretation could have been made very clear and explicit if such were the intention of the defendant. Let me analyze this agreement. Under section 21, above quoted, the plaintiff is entitled to a commission on the original or renewal cash premiums which shall be paid during his continuance as

said agent up to and including the sixth year of assurance " should his agency continue so long." The company thought it necessary to put in parentheses the words " should his agency continue so long." Why was this? In order that there might be no doubt whatever as to the termination of his right to commissions on renewal cash premiums on the termination of his contract or service. Under this phraseology it was quite clear and distinct that the plaintiff was entitled to commissions on renewal premiums only during the continuance of his agency. But this provision in the printed form also stated that other arrangements might be made or other compensation paid. The terms of section 21 applied " unless otherwise expressly stipulated in writing." There was another provision expressly stipulated in writing, typewritten into this contract. It was contained in section 23 above quoted. The provisions of section 21 were not sufficient. Plaintiff was to be paid something more. It depended upon the amount of business he got, and a new agreement or additional agreement was made or expressly stipulated in writing. It was this: If the plaintiff during the twelve calendar months secured insurance on the plans designated in section 21 amounting to the sum of $100,000 he was promised that the renewal commissions provided in that section should be extended to include the seventh year and an additional year for every $25,000 of insurance procured, not to exceed in all eleven years. Let us take the exact phraseology of this clause, eliminating such part as is unnecessary. " It is agreed that if the said party of the second part shall secure * * * new insurance on the plans designated in section 21st hereof * * * subject to all the terms and conditions of said section, amounting to the sum of One Hundred Thousand ($100,000) Dollars * * * the renewal commissions provided in section 21st hereof shall be extended to include the seventh year of assurance, and for each additional Twenty-five Thousand ($25,000) Dollars insurance pro-

cured as aforesaid, said renewals shall be extended to include an additional year of assurance, not, in all, to extend beyond the eleventh year of assurance." The plans designated in section 21 were the twelve different kinds of policies enumerated in that section with the different percentages stated opposite each class of policy. When, therefore, it is stated that the new insurance is to be upon the plans designated subject to all the terms and conditions of said section, it must mean, or can reasonably be taken to mean, subject to the terms and conditions regarding the class of policy and the percentages allowed as specified in section 21. In fact we so held in *Heyn* v. *New York Life Insurance Co.* (192 N. Y. 1). The words " subject to all the terms and conditions of said section " did not mean that the commissions should only be allowed during the continuance of the plaintiff as agent. Not only have we so held, but we properly so held when we come to consider a very material omission in section 23. The company thought it necessary not only to say, in section 21 that the party of the second part should be allowed a commission on renewal cash premiums during his continuance as agent up to and including the sixth year, but in order to have no misunderstanding, put in parentheses the words " should his agency continue so long." When in section 23 it was provided that the renewal commissions provided in section 21, *i. e.*, the amount of commissions as therein provided should be extended to include the seventh year and up to the eleventh year according to the amount, the words " should his agency continue so long " were omitted. Why this omission? Why should there not be the same clear statement if this were the intention in section 23 as in section 21? To my mind the words were omitted because the company intended to have its agents believe, and by this omission they were led to believe, that a new arrangement was made for the payment of commissions upon a large amount of business, and the new arrangement was

to be this, that for insurance written over $100,000 in any one year on plans designated and according to the terms and conditions of said plans, the agent would have the premiums on renewals according to the amount specified in section 21 up to and including the eleventh year as the amount might be. We had this same point under consideration in *Hcyn* v. *New York Life Insurance Co.* (*supra*) except that in the place of the words " sixth year " in section 21 the number of years was blank. We said:

" Section twenty-one (same in substance as section twenty-three), providing for renewal commissions, is limited to the new insurance obtained during the year ' on the plans designated in section twentieth hereof, (same as section twenty-one) subject to all the terms and conditions of said section.' What are the plans designated in section twentieth? By referring to the provisions of that section we find some fourteen different kinds of policies and bonds issued by the company for which the plaintiff was authorized to solicit persons to contract. Each of these plans is subject to terms and conditions, which the plaintiff was required to observe in making contracts for insurance. The plans designated, therefore, in section twenty, and the terms and conditions connected with such plans, we think, were the plans, terms and conditions that the parties had in mind in writing into the contract this provision. The learned Appellate Division was of the opinion that it referred to the continuance of plaintiff as an agent of the company, but we incline to the view that such construction ought not to prevail. The provision of section twenty, as we have seen, was that the plaintiff should be allowed under the agreement ' the following compensation only, unless otherwise expressly stipulated in writing.' Under section twenty-one we have it expressly stipulated in writing that the plaintiff should be entitled to commissions on the renewal premiums to which we have already called

attention, thus complying with the terms of that section. It is apparent, therefore, that should the construction of the Appellate Division be adopted it would not only deprive the plaintiff of the benefit of his express agreement in writing, but would also place it within the power of the company immediately after the plaintiff had procured the $178,000 insurance, which entitled him to commissions upon the renewal premiums for eleven years, to arbitrarily deprive him of such commissions by terminating his agency. This would be a harsh and unjust construction of the contract, and would place the plaintiff at the mercy of the defendant."

These words are equally applicable to the contract here in question and I see no substantial distinction between the cases. It would have been a very simple matter for the defendant to have stated in section 23 of this contract that the extension *as an additional or different compensation* should only apply during the continuance of the agency. It is not true to say that time is not an element of compensation. Five per cent for one year is not the same as five per cent for eleven years. They are two separate and distinct compensations. One is eleven times as much as the other plus interest. Section 23, therefore, fixed a different compensation than section 21, and when the words " during the continuance of the agency " were omitted in section 23, it leads one to believe that they were not intended to apply. Now I appreciate fully that this contract can be construed the other way, but why should we do it? The defendant had the making of the contract, the fixing of compensation, and if there be any doubt about the meaning to be applied, or the meaning be ambiguous, *i. e.*, subject to two opposite but reasonable conclusions, the contract should be construed liberally in favor of the plaintiff and against the defendant. The chief judge of this court in *Strauss* v. *Ernstein* (232 N. Y. 187 at page 195) said: " It may perhaps be said that the interpretation which we have placed upon the

contract of the parties is not beyond doubt. It seems to us to be the more reasonable one, and if there be ambiguities in the contract they are to be resolved against the defendant who undertook to embody in writing the agreement which the parties had made." In *Gillett* v. *Bank of America* (160 N. Y. 549 at page 557) we said: " Where there is uncertainty or doubt as to the meaning of words or phrases used in a contract, in seeking for the intent of the parties as evidenced by the words used, the fact that a construction contended for would make the contract unreasonable and place one of the parties at the mercy of the other, may properly be taken into consideration." A construction which makes the contract fair and reasonable will be preferred to one which leads to harsh and unreasonable results. (*North Providence* v. *Ætna Indemnity Co.*, 90 Conn. 229; *Wigand* v. *Bachmann-Bechtel Brewing Co.*, 222 N. Y. 272; *Leschen & Sons Rope Co.* v. *Mayflower G. M. & R. Co.*, 173 Fed. Rep. 855.) Where a written contract has an apparent meaning at variance with its real meaning, it may bind the author of the ambiguity contrary to its real meaning, if this meaning was so obscurely expressed that the other party was likely to be misled and was misled. (*Nellis* v. *Western Life Indemnity Co.*, 207 N. Y. 320.)

In considering the authorities cited by the respondent it must be borne in mind that some states have a different fundamental rule regarding the payment of premiums on renewal commissions. (*Ballard* v. *Travelers Ins. Co.*, 25 S. E. Rep. [N. C.] 956.) In this state, the law is that an agent is entitled to commission on renewal premiums paid after the termination of his agency unless his contract expressly provides to the contrary. (*Hercules Mutual Life Assurance Soc.* v. *Brinker*, 77 N. Y. 435; *Hale* v. *Brooklyn Life Ins. Co.*, 46 Hun, 274; affd., 120 N. Y. 294; *Aldrich* v. *New York Life Ins. Co.*, 121 App. Div. 18.)

The plaintiff in this case according to the law of this state would be entitled to the commissions sued for unless

his contract contained an express provision to the contrary. I do not find it clearly expressed in his contract that he is not to receive them. As I have stated, the increased compensation for the eleven-year period contained no express limitation that it was dependent upon the continuance of his agency as was the case of renewals for a six-year period.

As emphasizing the ambiguity, attention may be called to other provisions of this contract leading to the belief upon the part of the person executing it that renewals were to continue under section 23 after the termination of the agency. There are provisions that certain derelictions and acts upon the part of the agent shall not only forfeit his right to commissions but his right to commissions that are to accrue in the future. There is no necessity of referring to future commissions or commissions to accrue under the agreement if the commissions on renewals were to terminate with the agency. On original premiums he was not entitled to commissions until they were paid, and it is hardly to be supposed that these provisions regarding forfeiture apply to payments of original premiums which of course would be made in nearly all cases during the continuance of the agency. The words " to accrue " must have had reference, or if not, would lead reasonable persons to suppose that they had reference to renewal commissions or those which come in after the termination of the agency. Here again we have something in the contract which is misleading and would incline an agent to think that under section 23 he would be entitled to commissions on renewals for a definite period. Again it is said in another part of the contract that the parties of the first and second part may cancel this agreement by mutual consent. It was terminable at the will of the defendant as all concede. (*Michigan Mut. Life Ins. Co.* v. *Thompson,* 266 Fed. Rep. 973, 976.) Mutual consent, therefore,

was necessary to terminate some right that the plaintiff had, and the only right which I can see that he might have, would be the right to commissions on renewal premiums. It would be a very simple matter to add to section 23 a statement that the agent would not be entitled to any commissions upon renewal premiums for the extended period after the termination of his agency. The courts have nothing to do in relieving parties from their contracts because of harshness one way or the other but this element may be considered when the phraseology used by defendant is doubtful, ambiguous and apt to mislead. (*Heyn* v. *N. Y. Life Ins. Co., supra.*)

As the parties are agreed on the amount due, if the plaintiff be entitled to recover, and as interest has been properly allowed (*Faber* v. *City of N. Y.*, 222 N. Y. 255), I recommend that this judgment be reversed, and the judgment of the trial court affirmed, with costs in this court and in the Appellate Division.

Hogan, Pound and Andrews, JJ., concur; Hiscock, Ch. J., Cardozo and McLaughlin, JJ., dissent.

Judgment accordingly.