JOSEPH SCHWARTZ, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, Defendant.

First Department, April 3, 1936.

*Harold R. Medina* of counsel [*William Gilbert, Murray B. Kestin* and *John W. Jordan* with him on the brief; *Medina & Sherpick,* attorneys], for the plaintiff.

*Ferdinand H. Pease* of counsel [*Louis H. Cooke,* attorney], for the defendant.

McAvoy, J. The parties to this controversy entered into a contract on May 9, 1916, whereby the plaintiff became a part-time agent authorized to sell life insurance upon a commission based on a percentage of the first and second years' premiums actually collected. The contract provided as follows: " 19. Either party hereto may without cause terminate this agreement upon thirty days' written notice."

On December 4, 1917, this contract was amended, so that plaintiff became a full-time agent, but it remained otherwise the same. On January 8, 1925, there was a further amendment of this contract which does not affect this controversy. All commissions provided for in the said contract as amended were paid and there is no compensation of any kind demanded thereunder.

The plaintiff thereafter, on January 20, 1919, also became a member of " Nylic," his membership being fixed as of January 1, 1918, an agency organization of the defendant made up of agents who qualified therefor, under a plan set forth in a pamphlet issued by the defendant called " Nylic No. 2."

The fundamental requirement of membership in the " Nylic " organization was that the applicant must have signed an agency contract and must remain in good standing under it. Further requirements were that the agent must devote his entire time to the service of defendant and personally produce every year at least $50,000 of insurance.

The " Nylic " contract provided for a monthly income not related to the commissions fixed in the " Agency " contract, but contingent upon both the annual production of at least $50,000 of insurance, and a certain volume of business which had remained in force for the five preceding years, as well as upon compliance with various rules set forth in the " Nylic " contract.

The compensation, after five years' service as freshmen " Nylics," was fixed in effect by the volume of business which had remained in force for the five preceding years, and upon the length of the agent's " Nylic " membership. The amount of " Nylic " compensation, therefore, was related, not to the amount of premiums collected by the agent, but to the amount of insurance written and continued in force for five years. The percentage of payments on insurance effected increased from time to time until the period from the sixteenth to the twentieth year when it was fixed at one dollar per thousand.

After twenty years of " Nylic " membership, a member became a senior " Nylic " and was entitled to receive, so long as he lived, provided only he did not enter the service of any other life insurance company, an income based upon the average of annual " Nylic " income for the past fifteen years. The plaintiff was not a senior Nylic.

The " Nylic " contract further provided for a pension in case of sickness of the agent, as well as a death benefit in the form of a continuation of the compensation for a period of six months after the death of the member.

Plaintiff received his " Nylic " compensation up to July 28, 1929, the date of his discharge. On that date his agency contract terminated by reason of a notice given him by the company on June 28, 1929.

This termination of his agency contract also automatically caused the termination of his " Nylic " contract in which he had agreed: " XII. The termination of an agent's contract and agency, prior to his becoming a Senior Nylic, * * * terminates his Nylic membership and all his Nylic rights."

The plaintiff demands that the defendant pay him the compensation which he would have received if he had qualified under his " Nylic " contract in so far as that can be computed for five years after the date of discharge as based on the business written before discharge which remained in force for five years, irrespective of all the other " Nylic " requirements.

The plaintiff thus claims that the " Nylic " contract is in effect a commission contract and payments made thereunder are to be treated as commissions on renewal premiums. The rule in *Aldrich* v. *N. Y. Life Ins. Co.* (235 N. Y. 214, at p. 224) would grant commissions on renewal premiums unless the agent's contract expressly excluded them.

The defendant concedes that the *Aldrich* case states the rule in New York, but avers that the " Nylic " contract does not relate to commissions on renewal premiums, and that it squarely provides that the plaintiff is not entitled to the sums demanded.

The "Nylic" contract is not strictly a commission contract, and, even though the agent sells a policy on which five annual premiums are paid, that alone does not entitle him to a commission and he cannot derive any benefit therefrom unless he gives five years of efficient service writing at least $50,000 of insurance in each year.

We conclude that under this "Nylic" contract the "Nylic" membership ends and all "Nylic" rights are lost when the agency contract is terminated, the latter being terminable at will. In the *Aldrich Case (supra)* it was pointed out that if a contract cut off commissions upon discharge of the employee, such a contract would be upheld even though a harsh result might follow.

The compensation sought is not payable until certain conditions have been fulfilled under the "Nylic" contract. The termination of the agency contract of employment rendered these conditions impossible of fulfilment, but this mode of ending the relation of the parties was agreed to by plaintiff under the terms of his compacts with defendant. We must enforce the agreement as the parties have made it.

The defendant is entitled to judgment.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment directed in favor of defendant. Settle order on notice.