WILLIAM GRAUER, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, New York County, March 28, 1938.

*Hurd, Hamlin & Hubbell* [*Francis R. Stoddard* of counsel], for the plaintiff.

*Alexander & Green* [*James D. Ewing* of counsel], for the defendant.

ROSENMAN, J. This is a motion by the plaintiff for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice, based upon the complaint, answer and reply.

The action is by the plaintiff to recover a judgment declaring two policies of life insurance issued by the defendant to him to be in full force and effect and to be valid and binding contracts. The complaint consists of two causes of action, each relating to one of the policies. The first cause of action involves a policy in the amount of $15,000 and the second in the amount of $10,000.

The first cause of action in substance alleges that the defendant issued to the plaintiff a certain policy of life insurance on April 22, 1931, which also provided for certain benefit payments and waiver of premiums in the event that the plaintiff became totally and permanently disabled; that the plaintiff became and has been since March, 1932, totally and permanently disabled within the meaning of the policy and that proofs in support of the claim were furnished to the defendant; that the defendant thereafter, pursuant to the terms of the policy, waived the payment of the annual premiums which became due on the 22d day of April, 1933, to 1937, inclusive,

and paid the agreed disability benefits to the plaintiff from January 1, 1933, until October 1, 1937.

It further alleges that the defendant on or about October 29, 1937, wrongfully notified the plaintiff that it rescinded all the disability and indemnity provisions and all the waiver of premium provisions of said policy, and declared that those provisions had never been binding upon it and that the defendant denied any liability under them. A few days thereafter, it is alleged, the defendant further wrongfully notified the plaintiff that, having rescinded the said provisions of the policy, it would give the plaintiff an opportunity within thirty-one days, but only during his lifetime, to pay the sum aggregating all the annual premiums for the life insurance feature of the policy from April 22, 1933, to 1937, inclusive; and that unless those premiums were paid within said period of thirty-one days, and during plaintiff's lifetime, the policy would be forfeited and become void except as to the right to surrender value or paid-up insurance; that when the date set for such payment had passed, the defendant wrongfully and illegally declared said policy lapsed for non-payment of all the premiums for the life insurance feature of the policy, payment of which had been theretofore waived by the defendant.

The second cause of action is substantially the same, but with respect to the second policy.

In addition to certain denials, the answer contains defenses and counterclaims with respect to the policies. In substance they allege that the plaintiff made certain false representations in his applications for both policies, which rendered the disability and double indemnity provisions of the policy voidable; that in November, 1932, the defendant had received notice of the claim for disability benefits under each policy; that the claim had been approved; that the defendant paid monthly disability income installments under the policies to the plaintiff and thereafter to one Abraham Grauer, the assignee of the plaintiff; and that pursuant to the waiver provisions of the policy, it waived the annual premiums due from April 22, 1933, to 1937, inclusive. With respect to the misrepresentations, the defendant alleges that it had no notice or knowledge of the falsity of the statements contained in the application for the policies or of the existence of the facts concealed from it, at the time it made the payments of monthly disability income and had waived the premium payments. It further is claimed that the policies lapsed on or about April 22, 1933, for the non-payment of the annual premium due pursuant to the terms of the policies and also for the non-payment of subsequent annual premiums which were not paid when due or within the respective periods of

grace, or within the thirty-one days allowed pursuant to the notice given by the defendant after its alleged rescission of the disability features of the policies.

The defendant, therefore, demands judgment by way of counter-claim dismissing the complaint and declaring the total and permanent disability provisions contained in both policies rescinded, null, void and of no effect; and declaring each of the policies lapsed for the non-payment of premiums erroneously waived. It further demands judgment against the plaintiff for the monthly disability income installments paid to him under each policy.

In his reply, the plaintiff in addition to the denials of the defendant's allegations in its answer sets up affirmatively that the policies each contained the following clause:

"INCONTESTABILITY AND FREEDOM OF TRAVEL, RESIDENCE AND OCCUPATION.

"This policy, except as to the provisions relating to DISABILITY and DOUBLE INDEMNITY, shall be (a) INCONTESTABLE after it has been in force during the lifetime of the insured for a period of one year from the date of issue, provided premiums have been duly paid, and (b) FREE FROM RESTRICTIONS on travel, residence, occupation or military or naval service;" that by reason of such incontestability clause and by reason of the fact that the one year during the lifetime of the insured had already passed, the defendant is now precluded from attacking any of the representations made in the plaintiff's applications for the policies.

There is thus presented two questions: *First*, whether the incontestability clause contained in the policies set forth above applies to the disability and waiver of premium provisions as well as to the regular life insurance provisions of the policy; and *second*, whether the defendant can by its own action declare the insurance relating to disability and waiver of premiums rescinded and then, because of the non-payment within thirty-one days of premiums theretofore waived by the defendant, effect a lapsing of the policy after notice of such rescission. If the incontestability clause applies to the disability and waiver of premiums provisions, the policies could not have been declared lapsed by the defendant under any conditions and the second question need not be considered.

The plaintiff contends that the clause is ambiguously worded and that any doubt as to the applicability of the incontestability clause to the disability provisions of the policies should be resolved against the defendant. The defendant, on the other hand, contends that there is no ambiguity in said clause and that consequently it was within its rights in taking the action which it took.

Where there are ambiguities in a contract they should be resolved against the one who undertook to embody in writing the agreement which the parties had made. (*Aldrich* v. *New York Life Ins. Co.*, 235 N. Y. 214, 223, 224; *Wigand* v. *Bachmann-Bechtel Brewing Co.*, 222 id. 272; *Nellis* v. *Western Life Indemnity Co.*, 207 id. 320.) The defendant contends that the inclusion of this clause in the policy was in reasonable conformity with the requirement of the New York State statute permitting the exemption of disability provisions from the incontestability clause. Section 101 of the Insurance Law provides, so far as is pertinent to this case:

" No policy of life or endowment insurance shall be issued or delivered in this State * * * unless it contains in substance the following provisions:

" 2. A provision that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums * * * and at the option of the company provisions relative to benefits in the event of total and permanent disability * * * may also be excepted."

The plaintiff claims that the clause in the policies does not so conform but that the exemption as worded in the policy relates only to the " provisions " contained elsewhere in the policy; that it has no application to the disability insurance itself; that if the the defendant had sought to exempt itself from such incontestability as is now claimed, it could, by clear and explicit language, have have done so.

The authorities are not in accord with each other with respect to the interpretation of such exemption clauses. There are opinions in this State, in the Federal courts, and in other States which arrive at wholly irreconcilable conclusions in construing almost identical policy provisions.

In a New York action brought by an insured upon policies to recover disability benefits in which a similar clause was construed with respect to the question involved in the present case, the court said: " The two-year incontestability clauses contained in the policies prevent any defense as to the ordinary life insurance provisions in the policies, but do not apply to the disability and double indemnity benefits." (*Steinberg* v. *New York Life Insurance Co.*, [1933] 263 N. Y. 45, 47.)

While it is true, as plaintiff asserts, that the decision deals principally with the propriety of the testimony of the doctor, the testimony and the defense would all have been insufficient unless it was determined that the incontestability clause did not apply.

An examination of the record on appeal in that case discloses that although the question of the applicability of the incontestability clause to the disability provisions in the policy was not argued either in the Appellate Division or in the Court of Appeals, the trial court made the following finding:

" 9. That each of said policies contains the following clause or provision:

" ' Incontestability.— This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits.' " (Case on Appeal, fol. 54, p. 18.) It is based upon this finding that the court made the above quoted statement. There seems to be no substantial difference between this clause and the clause here under consideration.

In point of time the next case arising on a similar question was that of *Ness* v. *Mutual Life Ins. Co. of New York* (70 F. [2d] 59 [C. C. A. 4th Ct. 1934]). In that case the provision in the policy was as follows:

" Incontestability. — Except for non-payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

The court came to the conclusion that there was ambiguity in the language used, and resolving it against the insurer, it held that the incontestability applied equally to the disability insurance and to the life insurance features of the contract. Since the language of the clauses are substantially the same, the holding in the Federal court was inconsistent with the *Steinberg* case (*supra*).

The next case in the appellate courts in this State was that of *Guardian Life Ins. Co. of America* v. *Katz* (243 App. Div. 11). There the plaintiff sought a decree rescinding and canceling a supplementary agreement annexed to the life insurance policy, which provided for disability benefits. The clause contained in that policy provided that it " shall be incontestable except for non-payment of premium, and except as to such provisions as may be contained in a Supplemental Agreement, if any, attached hereto or indorsed hereon, relative to benefits in the event of total and permanent disability and the granting of additional insurance specifically against death by accident." The Appellate Division in this Department, construing this clause, unanimously concluded that: " By the terms of the contract of insurance the right to contest, by action for a rescission or otherwise, the enforcibility of the dis-

ability benefit provisions is expressly reserved to the company, notwithstanding the lapse of the one-year period." Its conclusion was thereafter affirmed by the Court of Appeals (269 N. Y. 625).

The next case for consideration before the Court of Appeals was that of *Apter* v. *Home Life Ins. Co.* (266 N. Y. 333 [1935]), wherein the plaintiff brought an action to restrain defendant from revoking its waiver of premiums and from canceling the policies of insurance upon facts similar to those alleged by the defendant in this present action. The clause in that policy provided merely that: " after this policy has been in force during the lifetime of the insured for a period of one year from the date of issue, it shall be incontestable except for non-payment of premiums." It was contended by the defendant that this clause applied only to the provisions for life insurance and not to the provisions of the policy relating to disability benefits. Although the opportunity was then presented to the court to pass upon this question directly, the insurance company abandoned the claim on the appeal (p. 337).

Within a short time thereafter two cases arose in the Federal courts (*Mutual Life Ins. Co. of New York* v. *Markowitz*, 78 F. [2d] 396 [1935] and *New York Life Ins. Co.* v. *Kaufman*, Id. 398 [1935] [both C. C. A. 9th Ct.]), wherein the insurance companies as plaintiffs sought to rescind the provision in the policies under consideration in those cases providing for disability benefits. In both cases the defendants contended that the incontestability clause applied to the disability benefits as well as to the life insurance provisions of the policy. In the former case the clause in dispute was identical with that in the case of *Ness* v. *New York Life Insurance Company of New York* (*supra*). In the latter the clause read as follows:

" Incontestability. — This Policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability Benefits."

In both of these cases the courts came to a conclusion similar to that reached in the *Ness* case (*supra*), and decided in favor of the insured and against the insurer on the theory that the insurer could have exempted itself by words of more explicit character if it had so intended. With the exception of the words " and double indemnity " the provision in the *Kaufman* case (*supra*) was identical with the provision in the *Steinberg* case (*supra*), in which the Court of Appeals had come to a contrary conclusion.

Approximately a year later the case of *Apter* v. *Equitable Life Assur. Soc.* was decided in the Court of Appeals (271 N. Y. 653 [1936]). The defendant in that case was the same as the defendant in the case under consideration, and it had taken exactly the same

steps as were taken here. The incontestability clauses in the policies in that case were identical with the incontestability clauses in the case at bar. Although the memorandum in the Court of Appeals reports does not indicate that the question of the incontestability was involved, the record on appeal shows that it was argued both by the appellant (Point III, pp. 19 to 26, main brief, and Point V, pp. 4 to 11 of the reply brief) and by the respondent (Point V, pp. 19 to 25 of the answering brief). In affirming the judgment for the defendant (insurance company) on its counterclaims in that case, the Court of Appeals of necessity ruled that the incontestability clause applied only to the life insurance provisions and not to the disability provisions of the policy.

The plaintiff relies greatly on the case of *Stroehmann* v. *Mutual Life Ins. Co.* (300 U. S. 435), which was decided in March, 1937, and in which the court had for interpretation a clause in a policy reading as follows:

" Incontestability.— Except for non-payment of premiums and except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively, this Policy shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

The court unanimously held that the words used in the policy were inadequate definitely to disclose a purpose to exempt from the ordinary incontestability clause all liability relating to disability benefits and concluded that, since the policy should be construed adversely against the insurer, the insured should prevail. The decision, however, was limited by the court itself to the precise clause then before it. It made no attempt to lay down a general rule for interpretation of all incontestability clauses. It remarked (at p. 440): " Certain life companies undertake to make exceptions to the Incontestability clause by words more precise than those now under consideration, and opinions in cases arising upon their policies must be appraised accordingly." Significant in that case is the reference by the court on page 439 to the case of *Steinberg* v. *New York Life Insurance Co. (supra)* in affirming the power of the insurer to exempt from the ordinary incontestability clause all policy provisions relating to disability benefits by the use of appropriate unequivocal language. Thus, in effect, it concurred in the conclusion reached by our own Court of Appeals in the *Steinberg* case, that the incontestability clause in that case did not relate to the disability provisions. That the Court of Appeals has definitely laid down the rule that clauses similar to the one now under consideration do not apply to the disability insurance provisions

of the life insurance policies is left without doubt by the case of *Manhattan Life Ins. Co.* v. *Schwartz* (274 N. Y. 374, 379, decided in June, 1937, after the *Stroehmann* case), in which the court, citing the *Stroehmann* case said: " The appeal is by permission of this court, granted because of a contention that the incontestability clause applied as well to double indemnity and disability features of a policy as to the life coverage. That question has been determined contrary to the contention of defendant, and on the appeal no such claim is made. (*Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45; *Stroehmann* v. *Mutual Life Ins. Co.*, 300 U. S. 435.) "

This conclusion, reached by our highest court, is consistent with that reached by two Federal Circuit Courts subsequent to the decision in the *Stroehmann* case (*supra*). In *Equitable Life Assur. Soc.* v. *Deem* (91 F. [2d] 569 [1937], C. C. A. 4th Ct.) a clause identical with the one in this case was interpreted in favor of the insurer. In *Connecticut General Life Ins. Co.* v. *McClellan* (94 F. [2d] 445 [1938], C. C. A. 6th Ct.), where the clause contained a provision of incontestability of two years " except as to provisions and conditions relating to benefits in the event of total and permanent disability," the court reached a similar result.

It follows from the above that, although a different rule prevails in some of the Federal courts, our Court of Appeals has definitely stated the rule to be that the disability provisions in a life insurance policy are contestable under an incontestability clause similar to the one here involved.

Where there is a conflict between the decisions of the Federal court and our State appellate courts in cases not involving Federal or constitutional questions, the courts of original jurisdiction in this State must follow the authorities of its appellate courts in preference to those of the Federal courts. This principle has been laid down in many cases, with due deference to the opinion of the judges of the Federal courts. (*Devitt* v. *Providence Washington Ins. Co.*, 61 App. Div. 390; affd., 173 N. Y. 17, at p. 24; *Towle* v. *Forney*, 14 id. 423, 428, 429; *Sadler* v. *Boston & Bolivia Rubber Co.*, 140 App. Div. 367, 368; affd., 202 N. Y. 547; *People ex rel. Rice* v. *Graves*, 242 App. Div. 128, 134; affd., 270 N. Y. 498; *New York Rapid Transit Corp.* v. *City of New York*, 275 id. 258, 265; *People ex rel. C. P.*, etc., *R. R. Co.* v. *Willcox*, 194 id. 383, 386.)

The first issue, therefore, being resolved against the plaintiff, the question remains whether the defendant, by reason of its own rescission of the disability provisions of the policy, may force the lapsing of said policy for the non-payment of premiums which had theretofore been waived by it. The mere fact that the defendant tendered to the insured the amount that he had paid as premiums

for the disability provisions of the policies and notified him that it had elected to rescind the policy does not, in and of itself, constitute a rescission. (*Equitable Life Assur. Soc.* v. *Kushman,* 276 N. Y. 178, 183.)

What the defendant seeks to do here is to cause the insured to be placed in default in payment of premiums by merely rescinding on short notice its own waiver of premiums over many years on the ground of unproved charges of misrepresentation. If the insurance company were permitted to do this it could very easily bring about a forfeiture of its policies by merely alleging fraud after many years and then demanding payment within thirty-one days of a very large sum of money aggregating all the premiums waived by it. If the insured did not have all the money thus demanded, the insurance company could declare the policy forfeited, not only as to disability payments, but as to the life insurance itself, without even being called upon to prove its charges of misrepresentation. A perfectly truthful and innocent insured could thus be deprived not only of his disability payments but of his life insurance as well. The mere statement of this harsh result should prevent a court of equity from permitting such practice.

In this respect the case is precisely similar to *Standard* v. *Equitable Life Assur. Soc.* (N. Y. L. J. March 7, 1936, p. 1197; affd., 249 App. Div. 617; affd., 274 N. Y. 519). The disposition made in that case on a motion for judgment on the pleadings is both just and equitable. It prevents a forfeiture of the policy, and at the same time permits the questions of misrepresentation raised by the defendant on its counterclaim to be determined upon a trial of the action.

Consequently, the motion for judgment on the pleadings will be granted in so far as the complaint and that portion of the answer which sets up denials and defenses is concerned; it is denied in so far as the counterclaim set up in the answer are concerned which seek to have the policy reformed with respect to the disability and double indemnity features and to have the policy forfeited for non-payment, and which seek judgment for the disability payments actually made. Thus, until the trial of the issues raised by the counterclaim, the policy remains in full force and effect. If the defendant should be defeated after trial, then no harm has been done either to the plaintiff or to the defendant. If, on the other hand, the defendant succeeds after such trial, the court sitting in equity may determine that the plaintiff be allowed to pay all of the premiums which had theretofore been waived by the defendant within a reasonable time to be set by the court. Defendant may serve an amended answer setting up the counterclaims now interposed in conjunction with the defenses. Settle order.