BERKSHIRE LIFE INSURANCE COMPANY, Plaintiff, *v.* IRVING E. WEINIG and SHELDON WEINIG, Defendants.

Supreme Court, Special Term, New York County, January 9, 1942.

*Cabell & Cabell* [*H. Cabell* of counsel], for the plaintiff.

*Prince & Loeb* [*S. Loeb* of counsel], for the defendant.

BENVENGA, J.  In the application for insurance, which is made a part of the policy, defendant represented that neither of his parents nor any of his brothers or sisters had died of, or been afflicted with, insanity.  He is not afflicted with any form of mental disorder.  But he is now, and has for some time been, suffering from a disabling stomach disorder, and has been receiving a stated monthly income from plaintiff.  Nevertheless, the representation aforesaid is material; it is false, and the evidence establishes that it was known by defendant to be false at the time he made it.  Consequently, the misrepresentation vitiates the disability agreement, unless it is otherwise provided.  (*Jenkins* v. *John Hancock Mutual Life Ins. Co.*, 257 N. Y. 289, 293; *Guardian Life Ins. Co.* v. *Katz*, 243 App. Div. 11, 14.)  Whether or not it does depends upon the construction to be placed on the incontestability clause.  It reads as follows: " This policy will be incontestable after it has been in force during the lifetime of the insured for a period of two years from the date of its issue, except for non-

payment of premium; provided, however, that any provisions or conditions relating to benefits in event of total and permanent disability or accidental death contained in any supplementary agreement attached hereto shall become void *for the causes and under the conditions stated therein.*"

The policy covers life, total disability and accidental death. The main policy is a life policy and the incontestability clause is incorporated therein. The supplementary agreements cover total disability and accidental death. They are embodied in two separate riders, each of which is attached to the main policy, and each of which contains the words, " Issued as a part of and attached to " the main policy.

The supplementary agreement covering total disability provides that " in consideration of the application therefor," plaintiff agrees to pay insured a stated monthly income in the event he becomes totally and permanently disabled. Then follow various provisions or conditions, none of which provides that the disability agreement shall become void by reason of misrepresentation or fraud in the application. In other words, misrepresentation or fraud is not made a " cause " or " condition " for avoiding the policy. Indeed, the only causes or conditions for invalidating the disability agreement are set forth in its last three paragraphs. None of these, concededly, are here applicable.

Construing the policy and the riders as a whole, as they should be, and in the light of the familiar principles that insurance contracts should be so plain and unambiguous that a man of average intelligence who invests in them may know and understand their meaning and import (*Janneck* v. *Metropolitan Life Ins. Co.,* 162 N. Y. 574, 578; *Paskusz* v. *Philadelphia Casualty Co.,* 213 id. 22, 26); and that in case of ambiguity or uncertainty concerning the meaning of a provision or condition in a policy, that meaning is to be adopted which is most favorable to the insured (*People* v. *Mercantile Credit Guarantee Co.,* 166 N. Y. 416, 421; *Paskusz* v. *Philadelphia Casualty Co., supra; Grauer* v. *Equitable Life Assurance Society,* 167 Misc. 30, 34), it would seem clear that the incontestability clause applies not only to the life policy but also to the disability and accidental death agreements; for, as has been pointed out, these agreements were " issued as a part of and attached to the main policy."

Moreover, as the incontestability clause does not except the disability agreement from its provisions, but merely provides that any provisions or conditions contained therein shall become void " for the causes and under the conditions stated therein," the intent of the company would seem to have been to void the policy

for causes and conditions explicitly and plainly stated in the disability agreement. And since fraud and misrepresentation are not stated as a cause or condition for avoiding the policy, the policy is not rendered invalid by reason of any misrepresentation in the application for insurance.

Certainly, had it been the intention of the plaintiff to except the supplementary agreements relating to disability and accidental death from the operation of the incontestability clause, it could, and undoubtedly would, have so stated in clear and unambiguous language. (Cf. *Steinberg* v. *New York Life Ins. Co.*, 263 N. Y. 45, 47; *Grauer* v. *Equitable Life Assurance Society*, *supra*, and cases there cited.) Thus, in the *Steinberg* case (*supra*) the incontestability provision (according to the record on appeal) reads as follows: "This policy shall be incontestable after two years from its date of issue *except* for nonpayment of premium *and except* as to provisions and conditions relating to disability and double indemnity benefits."

Judgment for the defendants. Settle findings of fact and conclusions of law in accordance herewith.